IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Application of Storag Etzel GmbH for an Order, Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding | Case No.:<br><br>CONFIDENTIAL<br>FILED UNDER SEAL |

### *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY FOR USE IN A FOREIGN PROCEEDING

Applicant Storag Etzel GmbH ("Applicant") respectfully petitions this Court for an Order, pursuant to 28 U.S.C. § 1782 ("Section 1782") and Rules 26, 30 and 45 of the Federal Rules of Civil Procedure, granting Applicant leave to serve Baker Hughes, a GE Company, LLC ("Respondent") with the subpoenas attached in Exhibit A and Exhibit B to the Declaration of Timothy P. Harkness. Applicant bases its Application on the accompanying Memorandum of Points and Authorities and the Declaration in Support of the Application.

The relief requested is for the purpose of obtaining targeted discovery of direct relevance to the issues in dispute in an arbitration pending in Germany (the "Arbitration"), conducted under the auspices of the German Arbitration Institute ("DIS"),[1] against Baker Hughes (Deutschland) GmbH ("Baker Hughes Germany"), a subsidiary of Respondent.[2] Applicant's

---

[1] DIS is the acronym for the German Arbitration Institute in its native German, "Deutsche Institution für Schiedsgerichtsbarkeit."

[2] The DIS Rules impose strict confidentiality obligations preventing disclosure of, among other things, the existence of the arbitration, the identity of parties, and the details of the claims. The specific details of the arbitration proceedings, the parties, and the defects in the equipment supplied to Applicant by Baker Hughes Germany, are set forth in the

claims in the Arbitration concern the quantification of the damages that Baker Hughes Germany is required to pay Applicant pursuant to a June 7, 2018 arbitral award (the "Award") providing, *inter alia*, a declaration that Baker Hughes Germany compensate Applicant for all damages arising from a defect in equipment it supplied to Applicant. Respondent designed and manufactured the defective equipment at issue and supplied it to Baker Hughes Germany, which then sold it to Applicant.

The central issues under dispute in the Arbitration include what repairs are necessary to remedy the defect, the cost of those repairs, and whether Baker Hughes Germany has any basis for limiting the amount of compensation it owes Applicant under the Award. Respondent has discoverable information in its possession, custody and control of direct relevance to these issues. Because Respondent is not a party to the Arbitration, and is outside the jurisdiction of a German arbitral tribunal, Applicant brings this Application, pursuant to Section 1782, seeking discovery concerning: (1) Respondent's assessment of the repairs necessary to remedy the defect and the costs of those repairs; and (2) whether Respondent and/or Baker Hughes Germany knew that the subject equipment was defective, a question that will determine the extent to which Baker Hughes Germany can limit the amount of compensation it owes Applicant.

As detailed in the Memorandum of Points and Authorities, this Application satisfies the statutory requirements for discovery under Section 1782. *First*, Applicant is an "interested person" because it is a party to the Arbitration. *Second*, Respondent "resides" in this District for

---

accompanying Declaration in Support of the Application, dated August 26, 2019 (the "Declaration" or "Decl."), filed contemporaneously herewith. In view of the obligations of confidence imposed by the DIS Rules, Applicant submitted with its Application a motion seeking permission to file the motion itself and the Declaration under seal and to file redacted copies of this Application, the Proposed Section 1782 Discovery Order, the Memorandum of Points and Authorities, and the Declaration of Timothy P. Harkness and exhibits thereto, on the public docket.

the purposes of Section 1782 because Respondent is incorporated in Delaware. *Third*, the requested discovery is for use in the Arbitration, which is a "foreign proceeding" within the meaning of Section 1782.

Furthermore, the four discretionary factors articulated by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) favor granting the requested discovery. *First*, Respondent is not a party to the Arbitration and therefore is not subject to the arbitral tribunal's jurisdiction. *Second*, German courts and tribunals are generally receptive to evidence obtained by Section 1782 requests such as this one. *Third*, the discovery sought is directly relevant to core issues in dispute in the Arbitration and the Application does not contravene any applicable laws or rules. *Fourth*, this Application is narrowly tailored and seeks only a small number of clearly identified categories of discovery controlled by Respondent.

In addition, granting this Application will foster Section 1782's twin aims of providing efficient assistance to participants in international proceedings and encouraging foreign countries to similarly assist our courts.

Accordingly, and based on the facts set forth in the accompanying Declaration in Support of the Application and for the reasons described in Applicant's Memorandum of Points and Authorities, Applicant respectfully requests that this Court (i) grant this Application, pursuant to 28 U.S.C. § 1782, with respect to the discovery identified in Exhibit A and Exhibit B to the Declaration of Timothy P. Harkness, (ii) order Respondent to produce the discovery within thirty days of service of the subpoenas, (iii) direct Respondent to preserve relevant documents in its possession, custody or control, and (iv) grant such other and further relief as the Court deems just and proper.

Dated: August 29, 2019

LANDIS RATH & COBB LLP

_____
Rebecca L. Butcher (No. 3816)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: butcher@lrclaw.com
       pierce@lrclaw.com

*and*

FRESHFIELDS BRUCKHAUS DERINGER US LLP
Timothy P. Harkness
Olivia P. Greene
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
Email: timothy.harkness@freshfields.com
       olivia.greene@freshfields.com
*Pro Hac Vice Applications Forthcoming*

*Attorneys for Applicant Storag Etzel GmbH*