# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

In re:

Application of Storag Etzel GmbH for an Order, Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding

REDACTED- PUBLIC VERSION
(Filed December 2, 2019)

Misc. C.A. No. 19-mc-209-CFC



# BAKER HUGHES'S MEMORANDUM IN OPPOSITION TO STORAG'S APPLICATION OR, ALTERNATIVELY, TO STAY THE PROCEEDINGS

OF COUNSEL:

Stephen B. Crain
Andrew W. Zeve
BRACEWELL LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002
(713) 221-1305
stephen.crain@bracewell.com
andrew.zeve@bracewell.com

YOUNG, CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Respondent*
*Baker Hughes, a GE company, LLC*

Dated: November 22, 2019

# **TABLE OF CONTENTS**

**Page**

Nature and Stage of the Proceedings ......................................................... 1

Summary of Argument ........................................................................... 1

Statement of Facts ................................................................................ 2

Argument ............................................................................................ 5

I.    Applicable Law ............................................................................ 5

II.   The Application Does Not Satisfy The Statutory Criteria ................... 6

    A.  Whether Private Arbitration Is a "Foreign Tribunal." ................. 6

    B.  ██████████████████████████ Is
        Not a Foreign Tribunal. ................................................... 11

III.  The Discretionary *Intel* Factors Weigh Against the Application ..................... 12

    A.  BHGE is not a Participant in the Foreign Proceeding. .............. 12

    B.  Storag Wrongly Claims ███████ is "Receptive" to U.S. Judicial
        Assistance. .................................................................. 13

    C.  Storag is Seeking To Circumvent Foreign Proof-Gathering Restrictions. 14

    D.  The Discovery Requests Are Unduly Intrusive And Burdensome. ........... 15

IV.  The "Twin Aims" of § 1782 Weigh Against Granting the Application ........... 17

V.   Alternatively, the Court Should Enter a Stay ................................... 18

    A.  Input From ███████████ May Simplify the Issues. ...................... 19

    B.  The Status of ███████ and These Proceedings Support
        a Stay. ........................................................................ 19

    C.  Storag Will Not Be Prejudiced By a Stay, but BHGE and
        the Court Will Be Unduly Burdened Absent a Stay. ............. 20

Conclusion ........................................................................................ 21

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abdul Latif Jameel Trans. Co. v. FedEx Corp.*,
  939 F.3d 710 (6th Cir. 2019) ...............................................................8

*In re ALB-GOLD Teigwaren GmbH*,
  2019 WL 4140852 (E.D.N.Y. Aug. 30, 2019) ....................................8

*In re App. of Gov't of Lao People's Democratic Republic v. For an
  Order Pursuant to the UN Convention Against Corruption*,
  2016 WL 1389764 (D. N. Mar. I. Apr. 7, 2016) .................................8

*In re App. of Grupo Unidos Por El Canal S.A.*,
  2015 WL 1815251 (N.D. Cal. Apr. 21, 2015)......................................8

*In re Application by Rhodianyl S.A.S*,
  2011 U.S. Dist. LEXIS 72918 (D. Kan. Mar. 25, 2011) ............................8, 9, 10

*In re Application of Gilead Pharmasset LLC*,
  C.A. No. 14-mc-243, 2015 WL 1903957 (D. Del. Apr. 14, 2015) ....................15

*In re Application of Hanwei Guo*,
  2019 WL 917076 (S.D.N.Y. Feb. 25, 2019) ..................................8, 10

*In re: Application of Stadtwerke Frankfurt*,
  No. 19-mc-00001 (S.D. Ga. Feb. 27, 2019) .........................................9

*In re Application of Stadtwerke Frankfurt*,
  No. 19-mc-00035 (S.D.N.Y. Jan. 31, 2019).......................................10

*In re Application of Technostrovexport*,
  835 F. Supp. 695 (S.D.N.Y. 1994) ....................................................19

*In re Biomet Orthopaedics Switzerland GmBh*,
  742 Fed. App'x 690 (3d Cir. 2018) ..................................5, 12, 17, 18

*CallWave Commc'ns, LLC v. AT & T Mobility, LLC*,
  C.A. No. 12-1788-RGA, 2015 WL 1284203 (D. Del. Mar. 18,
  2015) ................................................................................................19

*In re Children's Inv. Fund Found. (UK)*,
363 F. Supp. 3d 361 (S.D.N.Y. 2019) ................................................................10

*In re China Petrochemical Dev. Corp.*,
2017 WL 10841339 (D. Conn. Nov. 28, 2017)....................................................8

*Comision Ejecutiva Hidroelectrica v. Nejapa Power Co., LLC*,
C.A. No. 08-135-GMS, 2008 WL 4809035 (D. Del. Oct. 14, 2008)..................9

*In re Dubey*,
949 F. Supp. 2d 990 (C.D. Cal. 2013) ........................................................7, 8, 9

*El Paso Corp. v. La Comision Ejecutiva Hidroelectrica Del Rio
Lampa*,
341 Fed. App'x 31 (5th Cir. 2009) ......................................................................8

*Financialright GmbH v. Robert Bosch LLC*,
294 F. Supp. 3d 721 (E.D. Mich. 2018) ......................................................12, 14

*In re Finserve Grp. Ltd.*,
2011 WL 5024264 (D.S.C. Oct. 20, 2011)..........................................................8

*FMC Corp. v. Summit Agro USA, LLC*,
C.A. No. 14-51-LPS-CJB, 2014 WL 3703629 (D. Del. July 21,
2014) ..................................................................................................................20

*In re Ex Parte Glob. Energy Horizons Corp.*,
647 F. App'x 83 (3d Cir. 2016) .........................................................................15

*In re Grupo Unidos Por El Canal, S.A.*,
2015 WL 1810135 (D. Colo. Apr. 17, 2015) ......................................................8

*Helen Trading S.A. v. McQuilling Partners Inc.*,
2018 WL 7252925 (S.D. Tex. Feb. 9, 2018) .......................................................8

*In re London Arbitration between Norfolk Southern v. General
Security Ins.*,
626 F. Supp. 2d 882, 885–86 (N.D. Ill. 2009)...................................................10

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004)....................................................................................*passim*

*In re Kreke Immobilien KG*,
  2013 WL 5966916 (S.D.N.Y. Nov. 8, 2013), *abrogated on other
  grounds by In re del Valle Ruiz*, 939 F.3d 520 (2d Cir. 2019) ...........................15

*Manganella v. Evanston Ins. Co.*,
  700 F.3d 585 (1st Cir. 2012)..............................................................................16

*Nat'l Board. Co. v. Bear Stearns & Co.*,
  165 F.3d 184 (2d Cir. 1999) ..................................................................7, 8, 9, 10

*In re Operadora DB Mexico*,
  2009 WL 2423138 (M.D. Fla. Aug. 4, 2009)...............................................10, 11

*In re Petrobras Sec. Litig.*,
  393 F. Supp. 3d 376 (S.D.N.Y. 2019) .........................................................8, 10

*Pinchuk v. Chemstar Products LLC*,
  C.A. No. 13-mc-306-RGA, 2014 WL 2990416 (D. Del. June 26,
  2014) .................................................................................................................18

*Rep. of Kazakhstan v. Biederman Intern.*,
  168 F.3d 880 (5th Cir. 1999) .........................................................................7, 10

*In re Servotronics, Inc.*,
  2018 WL 5810109 (D.S.C. Nov. 6, 2018)...........................................................8

*State Farm Fire & Cas. Co. v. Admiral Ins. Co.*,
  225 F. Supp. 3d 474 (D.S.C. 2016) ...................................................................17

*TRIUVA Kapitalverwaltungsgesellschaft mbH v. Baker Hughes, a GE
  Company, LLC*,
  No. 4:15-cv-02744 (S.D. Tex. Sept. 21, 2015)....................................................3

**Statutes**

28 U.S.C. § 1782...............................................................................*passim*

**Rules**

████████████..............................................................................12

Fed. R. Civ. P. 26(b)(1)......................................................................................15

Fed. R. Civ. P. 44.1 .............................................................................................5

IBA Art. 3(9)............................................................................................14

**Other Authorities**

*About Us, Company*, IVG IMMOBILIEN,
    https://ivg.de/en/about-us/company/ (last visited Nov. 17, 2019).......................3

*History*, STORAG ETZEL,
    https://storag-etzel.de/unternehmen/historie (last visited Nov. 17,
    2019) ..................................................................................................3

███████████████████████████████████..........................................................11

NIGEL BLACKABY ET AL., REDFERN AND HUNTER ON INTERNATIONAL
    ARBITRATION 13 (Oxford Univ. Press 6th ed. 2015)...........................................9

*PATRIZIA Acquires TRIUVA*, PATRIZIA AG (Nov. 11, 2017),
    https://www.patrizia.ag/en/detail/press-releases/patrizia-acquires-
    triuva-placing-the-company-firmly-amongst-the-top-10-european-
    real-estate-invest/ .................................................................................2

RICHARD KREINDLER ET AL., ARBITRATION GUIDE, IBA ARBITRATION
    COMMITTEE (GERMANY) 13 (2019) ..................................................................13

## NATURE AND STAGE OF THE PROCEEDINGS

Baker Hughes, a GE company, LLC ("BHGE") requests the Court deny Storag Etzel GmbH's ("Storag") application to obtain discovery pursuant to 28 U.S.C. § 1782 ( "Application") or, alternatively, stay the proceedings.[1]  Storag's Application does not comply with the statutory requirements of Section 1782 and is inconsistent with the discretionary *Intel* factors.  Alternatively, a stay should be entered to allow the ▮▮▮▮▮▮▮▮▮▮ to provide guidance.

## SUMMARY OF ARGUMENT

1.    Storag's Application should be denied because ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ is not a "foreign tribunal" under Section 1782, and because Storag's Application satisfies neither the discretionary *Intel* factors nor the "twin aims" of Section 1782.

2.    If not denied outright, the Application should be stayed pending a ruling from ▮▮▮▮▮▮▮▮▮▮▮▮ regarding the appropriateness of the requested discovery.

---

[1] BHGE must disclose information in this action relating to ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ in order to fully and fairly respond to Storag's Application.  Such information may be subject to confidentiality provisions related to the ▮▮▮▮ .  Accordingly, BHGE has also filed a Motion for Leave to File Under Seal and will file its papers under seal in accordance with such motion and D. Del. LR 26.2 in order to protect any such information.

## STATEMENT OF FACTS

This is not the first time Storag and its affiliates have sought discovery on these issues.  On June 5, 2015, Storag initiated █████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ████████████ for the purchase of ███████████████████████████ ██████████████ ( "Contract") owned by Storag's former affiliate, Triuva Kapitalverwaltungsgesellschaft mbH ("Triuva").[2]  *See* Declaration in support ("Decl.") (filed contemporaneously herewith), ¶ 3.

████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████

---

[2] IVG Immobilien sold its 94% affiliate Triuva Kapitalverwaltungsgesellschaft mbH  to PATRIZIA AG.  *See PATRIZIA Acquires TRIUVA*, PATRIZIA AG (Nov. 11, 2017), https://www.patrizia.ag/en/detail/press-releases/patrizia-acquires-triuva-placing-the-company-firmly-amongst-the-top-10-european-real-estate-invest/.

████████████████████████████████████████████

████████████████████████              Triuva (Storag's affiliate at the time, controlled by the same parent), sued BHGE in the Southern District of Texas.[3]  *TRIUVA Kapitalverwaltungsgesellschaft v. Baker Hughes, a GE company, LLC*, No. 4:15-cv-02744 (S.D. Tex. Sept. 21, 2015) ("Texas Litigation").  Triuva asserted products liability claims, and because Triuva was seeking the same damages in the Texas Litigation ██████████████████████████████████████████████████████████████████████████████.  Declaration of Andrew Zeve ("Zeve Decl.") (filed contemporaneously herewith), ¶ 3 and Ex. 2-A at ¶ 1.  IVG Immobilien, Storag's ultimate parent company, was assigned the rights to TRIUVA's claims in the Texas Litigation by written agreement on March 6, 2018.  *Id.* at ¶ 4 and Ex. 2-B at ¶ 10.  ████████████████████████████  BHGE moved for summary judgment on *res judicata* and other grounds; that motion is pending.  *See id.* at ¶ 5 and Ex. 2-C at 13–18.

In the Texas Litigation, Triuva sought discovery from BHGE.  In opposing BHGE's motion to stay, Triuva stated that discovery should be allowed because it

---

[3] When the lawsuit was filed, Triuva had changed its name from IVG Institutional Funds GmbH to Triuva.  Storag was then known as IVG Caverns GmbH.  *See History*, STORAG ETZEL, https://storag-etzel.de/unternehmen/historie (last visited Nov. 17, 2019).  The two companies shared the same ultimate parent company, IVG Immobilien.  *See About Us, Company*, IVG IMMOBILIEN, https://ivg.de/en/about-us/company/ (last visited Nov. 17, 2019).

would not impact ███████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████ *See id.* at ¶ 6 and Ex. 2-D at 16.  Triuva told the court "there is not

going to be discovery ██████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████████████ at ¶

8 and Ex. 2-F at 36:22-37:8.  The court did not allow discovery.

In March 2019, Storag initiated ████████████████████████████

██████████████████████████████████████████████████████████

████████████████████ *See* Decl., ¶ 6. ███████████████████ Storag

brought this Application seeking the same discovery that Storag acknowledged

was unobtainable █████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████.

## ARGUMENT

The Application does not meet one of the mandatory criteria imposed by Section 1782. Even if the statutory criteria are satisfied, the Supreme Court's *Intel* factors, as well as the statute's "twin aims," counsel against the Court exercising its discretion to grant the Application. Should the Court determine that the Application is appropriate, enforcement of the subpoenas should be stayed pending input from ████████████████.

## I.    APPLICABLE LAW[4]

When considering a Section 1782 application, there are several analytical steps. Courts first determine if certain statutory criteria are satisfied. *In re Biomet Orthopaedics Switzerland GmBh*, 742 Fed. App'x 690, 694 (3d Cir. 2018). The application must be (1) made by a "foreign or international tribunal" or "interested person," (2) "for use in a proceeding in a foreign or international tribunal," and (3) the person/entity from whom the discovery is sought must be a resident of the district in which the application is filed. *Id.* at 695.

If these requirements are satisfied, courts have discretion—but are not required—to grant the application, and the Supreme-Court-established factors are

_____

[4] To the extent German law is relevant to the Court's consideration, BHGE hereby provides notice pursuant to Fed. R. Civ. P. 44.1.

to be considered.  *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).  These factors include: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) the nature of the foreign proceedings underway and the receptivity of the foreign tribunal to "U.S. federal-court judicial assistance"; (3) whether the request attempts "to circumvent foreign proof-gathering restrictions"; and (4) whether the request is "unduly intrusive or burdensome."  *Intel*, 542 U.S. at 264–65.

In considering the *Intel* factors, courts look to the "twin aims" of the statute: (i) whether the application provides efficient means of assistance to participants in international litigation; and (ii) whether the application encourages foreign countries by example to provide similar assistance to U.S. courts.  *Intel*, 542 U.S. at 252.

## II.   THE APPLICATION DOES NOT SATISFY THE STATUTORY CRITERIA

BHGE does not contest that Storag's Application meets the first and third statutory criteria.  However, the Application fails to meet the second criteria.

### A.   Whether Private Arbitration Is a "Foreign Tribunal."

To satisfy the second criteria, the evidence must be for use before a ***foreign tribunal***.  Here, the foreign proceeding is a private arbitration, and Storag mischaracterizes the "foreign tribunal" requirement of Section 1782 as "easily satisfied."  D.I. 3 at 14.  Storag's conclusory statement is contrary to a split of

authority over whether a private arbitration is a "foreign tribunal." *See In re Dubey*, 949 F. Supp. 2d 990, 991–96 (C.D. Cal. 2013) (discussing split of authority).

In *Intel*, the Supreme Court analyzed whether the Directorate General-Competition of the Commission of the European Communities was a "foreign tribunal." *Intel*, 542 U.S. at 252. The Supreme Court analyzed the legislative history of the statute and concluded that the Commission was a quasi-judicial body that was a "foreign tribunal." *Id*. at 257–58. The Supreme Court relied on a 1965 law review article suggesting that "[t]he term 'tribunal'...includes investigating magistrates, administrative and arbitral tribunals, and quasi-judicial agencies, as well as conventional civil, commercial, criminal, and administrative courts." *Id*. at 258. Since *Intel*, some courts have cited the Supreme Court's reliance on the article as an indication that all arbitral tribunals satisfy the "foreign tribunal" requirement; other courts have disagreed. *In re Dubey*, 949 F. Supp. 2d at 991–96.

The Third Circuit has not directly addressed the question, but three other circuits have. The Second and Fifth Circuits held that private arbitration does not constitute a "foreign tribunal." *See Nat'l Board. Co. v. Bear Stearns & Co.*, 165 F.3d 184, 191 (2d Cir. 1999) (Section 1782 does not "apply to an arbitral body established by private parties") and *Rep. of Kazakhstan v. Biederman Intern.*, 168 F.3d 880, 881 (5th Cir. 1999) (same). While these decisions were pre-*Intel*, the

Fifth Circuit has reaffirmed its position. *El Paso Corp. v. La Comision Ejecutiva Hidroelectrica Del Rio Lampa*, 341 Fed. App'x 31, 33 (5th Cir. 2009) ("[A] 'tribunal' within the meaning of § 1782 [does] not include a private international tribunal….").[5]   District courts in the Second Circuit continue to hold that *Nat'l Board. Co.* was not overturned by *Intel*. *In re Petrobras Sec. Litig.*, 393 F. Supp. 3d 376, 384 (S.D.N.Y. 2019); *In re ALB-GOLD Teigwaren GmbH*, 2019 WL 4140852, at *12 (E.D.N.Y. Aug. 30, 2019).   In contrast, the Sixth Circuit recently held that a private arbitration satisfies Section 1782. *Abdul Latif Jameel Trans. Co. v. FedEx Corp.*, 939 F.3d 710, 731–32 (6th Cir. 2019).

Among district courts, post-*Intel* decisions are also split. *In re Dubey*, 949 F. Supp. 2d at 994–95 (citing cases).   At least ten district courts since 2010 have held that private arbitration falls outside of the statute;[6] others hold to the contrary.

---

[5] Storag could have filed its Application in the Southern District of Texas. *See* D.I. 4, Ex. A at ¶ 6; Ex. B at ¶ 6 (subpoenas listing Texas principal place of business). But Storag likely knows that its Application would be denied by a Texas court.

[6] *In re App. of Grupo Unidos Por El Canal S.A.*, 2015 WL 1815251, at *8 (N.D. Cal. Apr. 21, 2015); *In re App. of Gov't of Lao People's Democratic Republic v. For an Order Pursuant to the UN Convention Against Corruption*, 2016 WL 1389764, at *6 (D. N. Mar. I. Apr. 7, 2016); *Helen Trading S.A. v. McQuilling Partners Inc.*, 2018 WL 7252925, at *3 (S.D. Tex. Feb. 9, 2018); *In re Application of Hanwei Guo*, 2019 WL 917076, at *1 (S.D.N.Y. Feb. 25, 2019); *In re Finserve Grp. Ltd.*, 2011 WL 5024264, at *3 (D.S.C. Oct. 20, 2011); *In re Grupo Unidos Por El Canal, S.A.*, 2015 WL 1810135, at *8 (D. Colo. Apr. 17, 2015); *In re China Petrochemical Dev. Corp.*, 2017 WL 10841339, at *3 (D. Conn. Nov. 28, 2017); *In re Application by Rhodianyl S.A.S*, 2011 U.S. Dist. LEXIS 72918, at *35 (D. Kan. Mar. 25, 2011); *In re Dubey*, 949 F. Supp. 2d 990, 991–96 (C.D. Cal. 2013); *In re Servotronics, Inc.*, 2018 WL 5810109, at*2-3 (D.S.C. Nov. 6, 2018).

The cases holding that private arbitrations are not "foreign tribunals" generally conclude that "a reasoned distinction can be made between purely private arbitrations established by private contract and state-sponsored arbitral bodies." *In re Dubey*, 949 F. Supp. 2d at 994; *see also In re Application by Rhodianyl S.A.S*, 2011 U.S. Dist. LEXIS 72918 (D. Kan. Mar. 25, 2011). The distinction is not a minor one. *See Nat'l Broad. Co., Inc.*, 165 F.3d at 190 (a decision by Congress to expand "American judicial assistance to international arbitral panels created exclusively by private parties would not have been lightly undertaken"). When choosing arbitration, parties explicitly opt out of the jurisdiction of courts. *See* NIGEL BLACKABY ET AL., REDFERN AND HUNTER ON INTERNATIONAL ARBITRATION 13 (Oxford Univ. Press 6th ed. 2015), attached as Exhibit 2-G.

Storag relies on cases in which, for example, the litigants did not ask the court to consider the nuances of reconciling different kinds of arbitral bodies with the requirements of the statute. *Compare Comision Ejecutiva Hidroelectrica v. Nejapa Power Co., LLC*, 2008 WL 4809035, at *1 (D. Del. Oct. 14, 2008) (two-sentence discussion of private foreign arbitrations); *id.* at D.I. 4, 11–13; D.I. 9, 6–7; D.I. 10, 3, *with In re Dubey*, 949 F. Supp. 2d at 993–95 (offering extended analysis). Additional authority cited by Storag highlights a similar defect: the cited orders grant the *ex parte* Section 1782 applications without analysis of the nature of the foreign arbitration. *In re: Application of Stadtwerke Frankfurt*, No. 19-mc-

00001 (S.D. Ga. Feb. 27, 2019), Order, D.I No. 3, at 2; *In re Application of Stadtwerke Frankfurt*, No. 19-mc-00035 (S.D.N.Y. Jan. 31, 2019), Order, D.I No. 8, at 1.[7]

Storag's position infers that *Intel* holds that all private arbitrations are "foreign tribunals," effectively reversing *Biedermann* and *Nat'l Board. Co*.  But numerous courts have held that the Supreme Court did not intend such an unequivocal rule.  One court stated that it was "confident that the Supreme Court would not have expanded § 1782 to permit discovery assistance in private arbitral proceedings and reversed [*National Board. Co.*] and *Biedermann*—without even acknowledging their existence."  *In re Operadora DB Mexico*, 2009 WL 2423138, at *11 (M.D. Fla. Aug. 4, 2009); *In re Application by Rhodianyl S.A.S*, 2011 U.S. Dist. LEXIS 72918, at *35 (same); *In re London Arbitration between Norfolk Southern v. General Security Ins.*, 626 F. Supp. 2d 882, 885–86 (N.D. Ill. 2009) (same).

---

[7] Storag relies on *In re Children's Inv. Fund Found. (UK)*, 363 F. Supp. 3d 361, 369 (S.D.N.Y. 2019) for the assertion that every private arbitration tribunal satisfies the Section 1782 requirement, presumably to show that the Second Circuit no longer recognizes *Nat'l Board. Co.* as good law.  D.I. 3 at 13.  But this 2019 decision has already been called into doubt by other Southern District of New York decisions.  *In re Application of Hanwei Guo*, 2019 WL 917076, at *2 (S.D.N.Y. Feb. 25, 2019); *In re Petrobras Sec. Litig.*, 393 F. Supp. 3d at 384.

**B.** ████████████████████████████████████████ **Is Not a Foreign Tribunal.**

The Court need not decide whether Section 1782's "foreign tribunal" requirement encompasses *all* or *no* private arbitrations.  Rather, the Court should determine whether the specific private arbitral body at issue is a "foreign tribunal."

████████████████████ does not qualify.  First, ████████████████████

████████████████████████████████████████████████████████████████

████████████████████ are "fundamentally different than that of state-sponsored proceedings."  *In re Operadora DB Mexico, S.A. de C.V.*, 2009 WL 2423138, at *11 (M.D. Fla. Aug. 4, 2009).

████████████████████████████████████████████████████████████████

████████████████████████████████████████████ *See* Decl., ¶ 13.  Commentators emphasize ████████████████████████████ stating that "it is a private and independent non-profit organization unattached to any chamber of commerce, government, or other body." ████████████████████

████████████████████████████████████████████████████████████████

████████████████████

Third, the Supreme Court emphasized the importance of a party's ability to seek judicial review of a tribunal's decision.  *Intel Corp.*, 542 U.S. at 254–55 ("Most prominently, the complainant may…seek judicial review of the Commission's disposition of a complaint."). ████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

██████████████████████████ is not the type of body that the Supreme Court envisioned would be encompassed by Section 1782's "tribunal" requirement.

## III. THE DISCRETIONARY *INTEL* FACTORS WEIGH AGAINST THE APPLICATION

Even if this Court rules that the statutory prerequisites of Section 1782 are met, the Court should exercise its discretion to deny Storag's Application. "A district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel Corp.*, 542 U.S. at 264. As outlined below, courts must first analyze the four factors set forth in *Intel*, which overall weigh against the Application. *See In re Biomet*, 742 Fed. App'x at 696

### A. BHGE is not a Participant in the Foreign Proceeding.

The first *Intel* factor considers whether the party from whom discovery is sought is a participant in the foreign proceeding. *Intel*, 542 U.S. at 264 (2004). ████████████████████████████████████████ Nonetheless, even if the Court were to construe this in Storag's favor, a single factor weighing in favor of an application is not outcome-determinative. *Financialright GmbH v. Robert Bosch LLC*, 294 F. Supp. 3d 721, 733 (E.D. Mich. 2018) (denying a Section 1782 application despite first *Intel* factor weighing in favor of applicant).

**B.** **Storag Wrongly Claims** ███████ **is "Receptive" to U.S. Judicial Assistance.**

The second *Intel* factor concerns "the nature of the foreign tribunal, the character of proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. Storag argues there is nothing to suggest that

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████   ████████████ Storag is in no position to make that representation.

█████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████

Indeed, the IBA Rules on the Taking of Evidence in International Commercial Arbitration ("IBA Rules") require parties to seek authorization from ████████to obtain discovery from third parties. Although ████████████████ are not bound by the IBA Rules, they "are widely used as guidelines in international arbitrations conducted ████████." RICHARD KREINDLER ET AL., ARBITRATION GUIDE, IBA ARBITRATION COMMITTEE (GERMANY) 13 (2019),

attached as Exhibit 2-I.  The IBA Rules provide a specific mechanism for third-party discovery:

> If a Party wishes to obtain the production of Documents from a person or organisation who is not a Party to the arbitration and from whom the Party cannot obtain the Documents on its own, the Party may, within the time ordered by the Arbitral Tribunal, ask it to take whatever steps are legally available to obtain the requested Documents, or seek leave from the Arbitral Tribunal to take such steps itself. The Party shall submit such request to the Arbitral Tribunal …. The Arbitral Tribunal shall decide on this request and shall take, authorize the requesting Party to take, or order any other Party to take, such steps as the Arbitral Tribunal considers appropriate if, in its discretion, it determines that [the Party has demonstrated compliance with the applicable rules].

IBA Rules, Art. 3(9), Zeve Decl Ex. 2-J.

Storag relies on two decisions holding that German ***courts*** do not restrict receipt of the evidence.   D.I. 3 at 18–19.   This is not relevant to whether ███████████████████████████████████████████████████████

███████   Moreover, U.S. courts have noted that "Germany does not favor broad, American-style discovery" and that a Section 1782 application "display[s] the indicia of being an end-run around German discovery rules."  *Bosch*, 294 F. Supp. 3d at 736–37. The second *Intel* factor does not weigh in favor of Storag.

### C.   Storag is Seeking To Circumvent Foreign Proof-Gathering Restrictions.

The third *Intel* factor weighs in favor of denying the Application because it is "an attempt to circumvent foreign proof-gathering restrictions."  *Intel*, 542 U.S.

at 265.   Storag claims otherwise by (1) arguing that there have not yet been any adverse rulings in the proceedings and (2) focusing on German court practice rather than ████████████.   D.I. 3 at 18.

These arguments are not persuasive.   There have been no adverse rulings because ██████████████████████████████████████████ ██████████████████████████████████████.

District courts have refused to order discovery under this factor where the applicant rushes to a U.S. court to avoid an unfavorable decision from a foreign tribunal.   *In re Kreke Immobilien KG*, 2013 WL 5966916, at \*6–7 (S.D.N.Y. Nov. 8, 2013), *abrogated on other grounds by In re del Valle Ruiz*, 939 F.3d 520 (2d Cir. 2019) ("It would create a perverse system of incentives—one counter to the efficiency and comity goals of § 1782—to encourage foreign litigants to scurry to U.S. courts to preempt discovery decisions from tribunals."); *In re Application of Gilead Pharmasset LLC*, 2015 WL 1903957, at \*4–5 (D. Del. Apr. 14, 2015) ("[A] perception that an applicant has 'side-stepped' less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor.").

## D.   The Discovery Requests Are Unduly Intrusive And Burdensome.

Storag's discovery requests are not "proportional to the needs of the case" and impose an undue burden on BHGE.   Fed. R. Civ. P. 26(b)(1); *In re Ex Parte Glob. Energy Horizons Corp.*, 647 F. App'x 83, 86 (3d Cir. 2016).   The subpoena

requests four categories of documents, most of which seek—from any entity within the global Baker Hughes family—"any" document concerning various topics with minimal temporal restrictions and no territorial limitations.

The first Request seeks documents relating to repair costs for ███████████ ████████████████. D.I. 3 at 7. It is overly broad, and also relates to issues already litigated in the ████████████ Decl., ¶ 4 and Ex. 1-C at ¶¶ 876–97. Because ██████████████████████████████████████████ ███████████████████████. *Manganella v. Evanston Ins. Co.*, 700 F.3d 585, 591 (1st Cir. 2012).

The second Request seeks documents related to whether the ██████ █████████████████████ ████████████████████████. D.I. 3 at 7. ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ Decl., ¶ 12 and Ex. 1-D at 5. Storag has offered no reason why it needs additional information from a non-party on this topic.

The third Request seeks information related to supposed risks associated with the material used ██████████████, which Storag claims is relevant to show BHGE's and ██████████████████████. D.I. 3 at 8. ██████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████

The fourth Request seeks any communications between BHGE and its insurance provider ████████████████████████████████████████ discussions with an insurer are neither relevant nor necessary to establish any facts. Such communications are also privileged because any communications "regarding potential liabilities" would have been made in anticipation of litigation. *State Farm Fire & Cas. Co. v. Admiral Ins. Co.*, 225 F. Supp. 3d 474, 483–84 (D.S.C. 2016).

With respect to Storag's request for a deposition, it is unduly intrusive and burdensome because it requires BHGE to prepare a witness to testify on a range of technical topics that span a 10-15 year period. ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████

Because all of the discovery requests are unduly burdensome and intrusive, the Court should exercise its discretion to deny the Application.

## IV.   THE "TWIN AIMS" OF § 1782 WEIGH AGAINST GRANTING THE APPLICATION

When weighing the *Intel* factors, courts consider whether Section 1782's "twin aims" warrant exercising discretion to allow discovery. *In re Biomet*, 742 F.

App'x at 696 (citing *Intel*, 542 U.S. at 252).   These twin aims are (i) whether the application provides efficient means of assistance to participants in international litigation and (ii) whether the application encourages foreign countries by example to provide similar assistance to U.S. courts.   *Id.*

This is not an efficient means of assistance to participants in international litigation. ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ It is not appropriate to act first and seek permission later.   *See Pinchuk v. Chemstar Products LLC*, 2014 WL 2990416, at *4 (D. Del. June 26, 2014) (applicant's attempt to seek § 1782 discovery "immediately after the filing of Foreign Proceedings claim" went against § 1782's policy of "provid[ing] efficient assistance to foreign tribunals").

Storag's Application also cannot encourage a foreign country to provide similar assistance to U.S. courts.   No German court or governmental body is involved in ███████████████████████████████████████ ███████████ no German governmental entity will ever know the extent of the discovery at issue.

## V.   ALTERNATIVELY, THE COURT SHOULD ENTER A STAY

Because Storag is required ███████████████████████████████ ███████████████████████████████████████████████████████

-18-

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████        *In re App. of Technostrovexport*, 835 F. Supp. 695, 697–98

(S.D.N.Y. 1994).

Courts in the Third Circuit weigh three factors in determining whether to

grant a stay: (1) whether a stay will simplify the issues for trial, (2) whether

discovery is complete and a trial date has been set, and (3) whether a stay would

unduly prejudice or present a clear tactical disadvantage to the non-moving party.

*CallWave Commc'ns, LLC v. AT & T Mobility, LLC*, 2015 WL 1284203, at *1 (D.

Del. Mar. 18, 2015).  All three factors support a stay.

     **A.**    **Input From** ████████████████ **May Simplify the Issues.**

Once Storag requests ██████████████████████████████████

████████████████████████████████████████████████

████████████  A stay is appropriate to identify what, if any, discovery is needed

from non-party BHGE.

     **B.**    **The Status of** ████████████ **and These Proceedings Support a**
          **Stay.**

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████████.

A stay pending ███████████████████████████████████

███████████████—would be short, conserve judicial resources (including

avoiding potential discovery disputes), and avoid unnecessary waste and

expenditure by the Court and the parties in the event that ████████████████

███████████████████████████████████████████████████

Rather than waste resources, a stay would allow for ██████████████████████

███████████████████████████████████████████████████

███████████

### C.   Storag Will Not Be Prejudiced By a Stay, but BHGE and the Court Will Be Unduly Burdened Absent a Stay.

Storag's decision to file this Application before ██████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████   By contrast, if the subpoenas are enforced now, BHGE will be

required to undertake burdensome document collection, review, and production, as

well as prepare a witness for deposition—all actions that may be wasted effort █

███████████████████████████████████████████████████

████████   Storag will suffer no reciprocal burden.   Courts in this District have

considered the hardship and inequity to the moving party absent a stay.   *FMC*

*Corp. v. Summit Agro USA, LLC*, 2014 WL 3703629 at *6 n.10 (D. Del. July 21, 2014) (collecting cases).   Accordingly, a stay should be entered to avoid unnecessary costs and burdens on BHGE and on the Court.[8]

## CONCLUSION

BHGE respectfully requests the Court deny the Application.


|  | YOUNG, CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| OF COUNSEL: | /s/ *Anne Shea Gaza* |
|  | Anne Shea Gaza (No. 4093) |
| Stephen B. Crain | Robert M. Vrana (No. 5666) |
| Andrew W. Zeve | Samantha G. Wilson (No. 5816) |
| BRACEWELL LLP | Rodney Square |
| 711 Louisiana Street, Suite 2300 | 1000 N. King Street |
| Houston, TX 77002 | Wilmington, Delaware 19801 |
| (713) 221-1305 | agaza@ycst.com |
| stephen.crain@bracewell.com | rvrana@ycst.com |
| andrew.zeve@bracewell.com | swilson@ycst.com |
|  |  |
| Dated: November 22, 2019 | *Attorneys for Respondent* |
|  | *Baker Hughes, a GE company, LLC* |

01:25632748.1

---

[8] Because the Court has not authorized issuance of Storag's subpoenas, BHGE reserves the right to seek further protection.   Should the subpoenas issue, they should be modified and a protective order entered because the discovery is unduly intrusive and burdensome.   At a minimum, the Court should limit the subpoenas to a reasonable time period and to BHGE only.   Storag should also be required to pay all costs to comply with the subpoenas.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document complies with the Court's type and number limitations because it has been prepared in Times New Roman 14-point typeface using Microsoft Word, and contains 5,000 words as determined by the Word Count feature of Microsoft Word 2010, exclusive of the caption, tables, and signature blocks.

YOUNG, CONAWAY STARGATT & TAYLOR, LLP

*/s/ Samantha G. Wilson*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Respondent*
*Baker Hughes, a GE Company, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Robert M. Vrana, hereby certify that on December 2, 2019, I caused to be

electronically filed a true and correct copy of the foregoing document with the Clerk of the Court

using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

> Rebecca L. Butcher, Esquire
> Matthew R. Pierce, Esquire
> Landis Rath & Cobb LLP
> 919 North Market Street, Suite 1800
> Wilmington, DE 19801
> *butcher@lrclaw.com*
> *pierce@lrclaw.com*
>
> *Attorneys for Applicant*
> *Storag Etzel GmbH*

I further certify that on December 2, 2019**,** I caused the foregoing document to be served

via electronic mail upon the above-listed counsel and on the following:

> Timothy P. Harkness, Esquire
> Olivia P. Greene, Esquire
> Freshfields Bruckhaus Deringer US LLP
> 601 Lexington Avenue, 31st Floor
> New York, NY 10022
> *timothy.harkness@freshfields.com*
> *olivia.greene@freshfields.com*
>
> *Attorneys for Applicant*
> *Storag Etzel GmbH*

Dated:  December 2, 2019

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Robert M. Vrana*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
*agaza@ycst.com*
*rvrana@ycst.com*
*swilson@ycst.com*

*Attorneys for Respondent Baker Hughes, a
GE Company, LLC*

2