IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE: APPLICATION OF STORAG                )
ETZEL GMBH FOR AN ORDER, PURSUANT ) MISC. No. 19-MC-209-CFC
TO 28 U.S.C. § 1782, TO OBTAIN DISCOVERY )
FOR USE IN A FOREIGN PROCEEDING        )

## MEMORANDUM ORDER

This miscellaneous action was initiated with the filing by Storag Etzel GmbH of an ex parte application pursuant to 28 U.S.C. § 1782 for an order to obtain discovery from Baker Hughes, a GE company, LLC [sic] for use in a German arbitration. D.I. 2. Pending before me is Baker Hughes's unopposed motion to file under seal its Sur-Reply Memorandum in Further Opposition to Storag's Application. D.I. 38.

Unopposed motions to seal are filed regularly with this Court. Judge Andrews noted recently that "[i]n [his] experience, corporate parties in complex litigation generally prefer to litigate in secret." *Takeda Pharm. U.S.A., Inc. v. Mylan Pharm., Inc.*, Civ. Act. No. 19-2216-RGA (Dec. 19, 2019) at 1. I similarly find that parties in my civil cases routinely ask to seal pleadings that cannot reasonably be characterized as disclosing confidential or proprietary information. And in my (albeit short) tenure on the bench, I cannot recall a party in a civil case

opposing a request to seal or objecting to the scope of redactions in the public version of a pleading that was filed pursuant to an order that granted a motion to seal.

The District Court is not a star chamber. We are a public institution in a democratic republic and the public has a right of access to our filings. That right is founded in the common law and "antedates the Constitution." *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 343 (3d Cir. 1986). The public's right of access is not absolute; but it is strongly presumed, and it can be overcome only if a party demonstrates that public disclosure of a filing will result in "a clearly defined and serious injury." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019).

The problem I encounter with unopposed motions to seal pleadings is threefold. First, it falls solely on me to scrutinize the proffered justification for the motion without the benefit of the industry knowledge that is often necessary to determine if a clearly defined and serious injury would result if I denied the motion. Second, if I grant the motion—and I almost always do—it falls solely on me to scrutinize the redactions in the movant's subsequently filed public version of the pleading. Here again, I lack industry knowledge to guide me in assessing whether the proposed redactions are necessary to avoid a clearly defined and serious injury. Third, because of my caseload, I lack time. I currently have on my

docket 582 civil cases (including 288 patent cases, of which 119 are Abbreviated New Drug Act cases), 22 criminal cases, 10 miscellaneous actions, and 342 pending motions. I have 32 trials and 25 patent claim construction hearings scheduled for the remainder of this year. I simply do not have the time to review parties' proposed redactions in a meaningful way to ensure that those redactions do not violate the public's right of access.

Accordingly, I have decided to appoint pursuant to Federal Rule of Civil Procedure 53(a)(1)(C) Rodney A. Smolla, Dean and Professor of Law at Widener University, as a special master and to refer to him the pending motion and any future requests to file a pleading under seal in this action. In addition, I will ask and authorize Dean Smolla to address whether the redactions in the redacted filings docketed at D.I. 22, 23, 24, 36, and 37 comply with Supreme Court and Third Circuit law. Baker Hughes shall be responsible for Dean Smolla's fees to address the pending motion. Dean Smolla's fees for his review of each redacted filing shall be paid by the party that filed the redacted filing in question. Dean Smolla's fees to address any future sealing motion shall be paid by the party that files the motion.

Dean Smolla is not a member of the Court's Special Masters Panel, but his experience and reputation as a First Amendment scholar and lawyer make him especially well-suited for this assignment. My plan is to refer sealing matters in

other cases to him, and I welcome any thoughts he has on practices and procedures the Court can implement to discourage parties from seeking unjustified redactions in their pleadings.

WHEREFORE, for the reasons stated above, on this 23rd day of January 2020, IT IS HEREBY ORDERED that:

1. Rodney A. Smolla is appointed as Special Master to address Baker Hughes's unopposed motion to file under seal its Sur-Reply Memorandum in Further Opposition to Storag's Application (D.I. 38), any future motions to seal pleadings, and whether the redacted filings docketed at D.I. 22, 23, 24, 36, and 37 comply with Supreme Court and Third Circuit law (the "Assigned Duties").

2. As required by Rule 53(b)(2) of the Federal Rules of Civil Procedure, Dean Smolla shall proceed with all reasonable diligence and, as provided by Rule 53(c), he shall have the authority to regulate all proceedings and take all measures necessary to address and rule on the Assigned Duties.

3. Dean Smolla shall, after consulting with the parties, establish procedures for the handling of the Assigned Duties. He shall have the duty and authority to require the submission of reports, call conferences, and hold hearings in order to determine the status of issues relating to the Assigned Duties.

4. With respect to hearings and conferences, they shall be held in the Federal Courthouse at 844 King Street or other appropriate place arranged by Dean Smolla or by the parties with the approval of Dean Smolla. If the Courthouse is used, Dean Smolla shall arrange for a courtroom through the Clerk's Office (Beth Mason at 302.573.6170).

5. Absent agreement among the parties, all hearings shall be transcribed by a certified court reporter. Absent an order by Dean Smolla, the parties shall bear equally the costs of the court reporter and transcript.

6. Dean Smolla shall preserve all materials he receives or prepares in connection with any dispute regarding discovery. He shall not be required to file any such materials with the Court unless directed to do so by the Court, except that the following shall be filed: (1) any transcripts that contain his rulings from the bench; (2) orders entered setting forth his rulings; and (3) any opinions prepared supporting his rulings. All such papers shall be filed with the Court through Dean Smolla and docketed by chambers staff.

7. Dean Smolla shall not communicate ex parte with a party without the consent of all parties. He may communicate ex parte with the Court.

8. Dean Smolla may have access to trade secrets, proprietary information, or other confidential information in this action including, but not limited

to, information which may be subject to a protective order. Dean Smolla and other persons assisting him shall preserve and protect the confidentiality of all such information. If required to file any orders, findings, opinions or materials that contain or make reference to any such information (including, but not limited to, information designated "Confidential," "For Attorneys Eyes Only" and/or "Sensitive Superconfidential"), he shall file the same under seal.

9. Dean Smola's rulings shall be subject to review by the Court, consistent with Rule 53(f). In this regard, unless otherwise ordered: (a) the parties may serve, file, and docket with the Court specific written objections (and responses thereto) to any of Dean Smolla's rulings; (b) the objections shall be filed no later than 21 days after being served with a copy of the ruling, and the responses thereto shall be filed within 10 days after being served with a copy of the objections; (c) the objections and responses to the objections are limited to 10 pages each; and (d) the parties must serve, file, and docket with the Court (as well as provide to the undersigned's chambers a courtesy copy of) any relevant portion of the record made before Dean Smolla which pertains specifically to the objections.

10. Dean Smolla shall be compensated for his services at his usual hourly rate. Others assisting him shall be compensated at their usual hourly rates. Dean Smolla shall send statements for services and expenses directly to counsel for the parties on a monthly basis and shall receive payment directly from counsel for the parties in a timely fashion. Except as stated above, the compensation and expenses of Dean Smolla shall, unless otherwise ordered, be shared equally by the parties. In this regard, if in Dean Smolla's opinion a party engages in behavior which occasions the waste of his time and resources, or otherwise hinders the efficient resolution of matters before him, that party may be apportioned all or a larger portion of Dean Smolla's compensation, costs, and expenses. Any objections or disputes as to Dean Smolla's compensation, costs, and/or expenses shall be presented to the Court in a timely application.

_____
United States District Judge