# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>Application of Storag Etzel GmbH for an Order, Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding | Misc. C.A. No. 19-mc-209-CFC<br><br>REDACTED - PUBLIC VERSION |

## BAKER HUGHES'S SUR-REPLY MEMORANDUM IN FURTHER OPPOSITION TO STORAG'S APPLICATION

OF COUNSEL:

Stephen B. Crain
Andrew W. Zeve
BRACEWELL LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002
(713) 221-1305
stephen.crain@bracewell.com
andrew.zeve@bracewell.com

YOUNG, CONAWAY STARGATT & TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Respondent*
*Baker Hughes, a GE company, LLC*

Dated: January 16, 2020
Redacted Version:  January 23, 2020

# <u>TABLE OF CONTENTS</u>

**Page**

I.    Case Law Does Not Favor Storag's Position on Whether § 1782
      Applies to Private Arbitration..................................................................1

II.   The Discretionary *Intel* Factors Continue to Weigh Against
      The Application ...........................................................................................3

      A.  The Procedural Order Does Not Indicate ▮▮▮▮▮▮ is "Receptive"
          to § 1782 Discovery .............................................................................3

      B.  Premature Submission of Storag's Application Evidences
          Circumvention of Foreign Discovery Procedures.................................4

      C.  Storag's Discovery Requests are Irrelevant, Intrusive,
          and Burdensome ..................................................................................4

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Application of Consorcio Ecutoriano de Telecommunicaciones v. JAS*
   *Forwarding (USA) Inc.*,
   747 F.3d 1262 (11th Cir. 2014) .......................................................................2

*In re Application of Gilead Pharmasset LLC*,
   C.A. No. 14-mc-243 (GMS), 2015 WL 1903957 (D. Del. Apr. 14,
   2015) ...............................................................................................................3, 4

*El Paso Corp. v. La Comision Ejecutiva Hidroelectrica Del Rio*
   *Lampa*,
   341 Fed. App'x 31 (5th Cir. 2009) ....................................................................2

*In re IPC Do Nordeste*,
   2012 WL 4448886 (E.D. Mich. Sept. 25, 2012) ...............................................4

*Pinchuk v. Chemstar Products LLC*,
   C.A. No. 13-mc-306-RGA, 2014 WL 2990416 (D. Del. June 26,
   2014) ..................................................................................................................3

Storag's Reply offers new arguments[1] related to the split amongst courts regarding whether a private arbitration is a "foreign tribunal," misconstruing a sharply-divided issue as a settled matter.  The Reply further overstates the impact of



*See* D.I. 18 at n.1 (regarding confidentiality obligations in ███).

███ neither ruled it would be "receptive" to U.S. discovery nor substantively opined on Storag's decision to seek discovery from U.S. courts prior to ████. Instead, █████.

## ARGUMENT

### I.   CASE LAW DOES NOT FAVOR STORAG'S POSITION ON WHETHER § 1782 APPLIES TO PRIVATE ARBITRATION

In stark contrast to its Application, Storag dedicates most of its Reply to new arguments that private arbitration constitutes a "foreign or international tribunal" under Section 1782.  D.I. 33 ("Reply") at 6–10.  But despite its extended analysis, Storag misconstrues the law of multiple circuits.

Specifically, Storag's assertion that "the only new [circuits] to consider the issue post-*Intel*—the Sixth and Eleventh—both concluded that private arbitration

---

[1] Storag gives short shrift to numerous arguments in its Reply brief, addressing them instead in the █████ (*see* D.I. 34, ¶¶ 8–12, 14–17).

satisf[ies] Section 1782" is incorrect in two regards. *Id.* at 8. First, Storag already conceded that, post-*Intel*, the Fifth Circuit reaffirmed its ruling that private arbitration does not satisfy Section 1782's foreign tribunal requirement. D.I. 13 at 13 n.13 (citing *El Paso Corp. v. La Comision Ejecutiva Hidroelectrica Del Rio Lampa*, 341 Fed. App'x 31, 33 (5th Cir. 2009)). Second, Storag incorrectly claims that the Eleventh Circuit concluded "that private arbitrations satisfy Section 1782." Reply at 8 (citing *Application of Consorcio Ecutoriano de Telecommunicaciones v. JAS Forwarding (USA) Inc.*, 685 F.3d 987, 997–98 (11th Cir. 2012), *vacated on other grounds*, 747 F.3d 1262 (11th Cir. 2014)). In actuality, the Eleventh Circuit vacated this holding *sua sponte*, pivoting from the conclusion Storag cites and "leav[ing] resolution of the matter for another day." *Consorcio Ecutoriano*, 747 F.3d at 1270 n.4.

As detailed in BHGE's Opposition, an accurate portrayal of the case law reveals that the weight of authority does not favor Storag's position, and certainly not as "clearly" as Storag suggests. *See* Reply at 10. In any event, the Court need not determine here whether ***all*** foreign arbitrations are or are not "tribunals" contemplated by the statute; rather, the Court need only determine if the particular tribunal here satisfies the statute. *Id.* at 10-12. Moreover, the *Intel* discretionary factors and the twin aims of Section 1782 also weigh in favor of denying the Application.

## II.   THE DISCRETIONARY *INTEL* FACTORS CONTINUE TO WEIGH AGAINST THE APPLICATION

As set forth below, nothing in Storag's Reply alters the conclusion that the *Intel* factors support denial of the Application.   Furthermore, notwithstanding Storag's blanket dismissal of Section 1782's "twin aims," judges in this District have previously recognized and remained "mindful" of them.   *In re Application of Gilead Pharmasset LLC*, 2015 WL 1903957, at *2 (D. Del. Apr. 14, 2015); *see also Pinchuk v. Chemstar Products LLC*, 2014 WL 2990416, at *4 (D. Del. June 26, 2014).

### A.   The Procedural Order Does Not Indicate █████████ is "Receptive" to § 1782 Discovery



Although Storag ███████████████████████████████████████ ██████████████, a full reading reveals no such sentiment.   Rather, ███████████ ██████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████.   *See* D.I. 34, Ex. G at 5.   █████████, ████████████████████████████████████ ████████   ████████████████████████████████████████████████ ██████████████████████████████████████████.   *Id.* ████████████████████████████████████████████████ █████████████████████████████████████████████, is a far cry from being "receptive" to the 1782 proceedings.   Rather, ████████████████████████ █████████████████████████████████.   *Id*.

3

### B.     Premature Submission of Storag's Application Evidences Circumvention of Foreign Discovery Procedures

Storag argues that its actions do not constitute circumvention because BHGE is a party outside the foreign tribunal's jurisdiction.  Reply at 7.  But courts have made clear that the *applicant's conduct*—as opposed to the tribunal's jurisdictional reach—is determinative in assessing whether the applicant circumvented foreign discovery restrictions.  *Gilead Pharmasset*, 2015 WL 1903957, at *4; *In re IPC Do Nordeste*, 2012 WL 4448886, at *7 (E.D. Mich. Sept. 25, 2012) ("[T]here must be a reason that [the applicant] is seeking the information [in the U.S.] rather than in [the applicant's original forum]. One reasonable explanation is that [the applicant] is attempting to circumvent proof-gathering restrictions of the [original forum].").



.  Consequently, Storag's new argument that this factor weighs in its favor simply because BHGE ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is unpersuasive.

### C.     Storag's Discovery Requests are Irrelevant, Intrusive, and Burdensome

Storag makes new arguments pertaining to its discovery requests but still fails to adequately explain their necessity or relevance.  Regarding the first request for information ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, Storag

4

argues that BHGE "misstates" the record without any analysis.  D.I. 33 at 9.  The

█████████████████████████████████████████████████████████████████████

███████████████████████████████████████████, and therefore this additional

document request is cumulative of an issue already litigated.  To the extent any

additional documents are somehow relevant, Storag's request for this additional

discovery ████████████████████████████████████.

      Storag's second request related to whether ████████████████████████

is equally irrelevant because, contrary to Storag's assertion ████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████████████

████████████████████. *See* D.I. 18 at 16.

      Storag's third request, seeking documents related to BHGE's ███████████

█████████████████████████████████████████████████████████████████████

█████████████████████████, an argument Storag's Reply does not dispute.  To the

extent Storag seeks documents related to ████████████████████, that issue was

█████████████████████████████████████████████████████████████████████

████████████████████████████ D.I. 34, ¶¶ 9–10.

      Finally, Storag's fourth request, seeking communications between BHGE and

its insurer, remains improper.  BHGE has argued, and Storag does not deny, that

these communications are privileged.  D.I. 33 at 9.  Storag's proposal to meet and

confer over the communications does not somehow render its requests for privileged

information appropriate.[2]

## CONCLUSION

BHGE respectfully requests the Court deny the Application.

Dated:        January 16, 2020

                                        YOUNG, CONAWAY STARGATT
                                        & TAYLOR, LLP

OF COUNSEL:                          /s/ *Anne Shea Gaza*
                                        Anne Shea Gaza (No. 4093)
Stephen B. Crain                   Robert M. Vrana (No. 5666)
Andrew W. Zeve                    Samantha G. Wilson (No. 5816)
BRACEWELL LLP                  Rodney Square
711 Louisiana Street, Suite 2300    1000 N. King Street
Houston, TX 77002                Wilmington, Delaware 19801
(713) 221-1305                    agaza@ycst.com
stephen.crain@bracewell.com       rvrana@ycst.com
andrew.zeve@bracewell.com        swilson@ycst.com

Dated: January 16, 2020           *Attorneys for Respondent*
                                          *Baker Hughes, a GE company, LLC*

---

[2] Regarding Storag's deposition request, its new arguments do nothing to justify the overly broad timeframe—a 10-15 year period—or meaningfully address the fact ███ ████████████████████████████████████████████████████████████████ .

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document complies with the Court's type and number limitations because it has been prepared in Times New Roman 14-point typeface using Microsoft Word 2010, and contains 1,221 words as determined by the Word Count feature of Microsoft Word 2016, exclusive of the caption and signature blocks.

YOUNG, CONAWAY STARGATT &
TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Respondent*
*Baker Hughes, a GE Company, LLC*

25877540

## <u>CERTIFICATE OF SERVICE</u>

I, Anne Shea Gaza, hereby certify that on January 23, 2020, I caused to be

electronically filed a true and correct copy of the foregoing document with the

Clerk of the Court using CM/ECF, which will send notification that such filing is

available for viewing and downloading to the following counsel of record:

>   Rebecca L. Butcher, Esquire
>   Matthew R. Pierce, Esquire
>   Landis Rath & Cobb LLP
>   919 North Market Street, Suite 1800
>   Wilmington, DE 19801
>   butcher@lrclaw.com
>   pierce@lrclaw.com
>
>   *Attorneys for Applicant*
>   *Storag Etzel GmbH*

I further certify that on January 23, 2020**,** I caused the foregoing document

to be served via electronic mail upon the above-listed counsel and on the

following:

>   Timothy P. Harkness, Esquire
>   Olivia P. Greene, Esquire
>   Freshfields Bruckhaus Deringer US LLP
>   601 Lexington Avenue, 31st Floor
>   New York, NY 10022
>   timothy.harkness@freshfields.com
>   olivia.greene@freshfields.com
>
>   *Attorneys for Applicant*
>   *Storag Etzel GmbH*

25632508.1

Dated:  January 23, 2020

YOUNG CONAWAY STARGATT &
 TAYLOR, LLP

*/s/ Anne Shea Gaza*
Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 N. King Street
Wilmington, Delaware 19801
*agaza@ycst.com*
*rvrana@ycst.com*
*swilson@ycst.com*

*Attorneys for Respondent Baker
Hughes, a GE Company, LLC*

25632508.1