# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>Application of Storag Etzel GmbH for an Order, Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding | Case No.: 19-mc-00209-CFC<br><br>**CONFIDENTIAL<br>FILED UNDER SEAL** |

## STORAG ETZEL GMBH'S REPLY TO
## BAKER HUGHES' BRIEF IN SUPPORT OF ITS REDACTIONS

After already receiving an opportunity to file a sur-reply brief in opposition to Storag's Application, Baker Hughes exploited the Special Master proceedings to once again litigate its position on the merits of Storag's Application.[1]  Storag's Application has been fully briefed and is pending a decision from this Court. Yet Baker Hughes used its Brief in Support of Its Redactions to re-plead its case against Storag's Application to the Court, continuing its false characterization of the Application as "improper" from the standpoint of the Arbitration and Section 1782. *See, e.g.*, Respondent's Brief in Support of Its Redactions (hereinafter, "BH Br."), D.I. 46, at 3, 5, 9, 14. To be clear, the propriety of Storag's Application has no impact whatsoever on whether the information Baker Hughes redacted is of a confidential nature and should be protected from public disclosure.[2]  Whether Storag properly brought its Application is irrelevant to the Special Master's Assigned Duties and is an issue for the judgement of the

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in Storag's Memorandum in Support of Its Application, D.I. 3.

[2] Storag does not dispute Baker Hughes' redactions or its claims as to the confidential nature of the information it has redacted.

Tribunal, which has already ruled the Application is proper under the rules governing the Arbitration, and the Court, which has yet to address the merits of the Application. And the outcome of Storag's Application will, presumably, not change Baker Hughes' belief that the information it has redacted is confidential.

In addition to being irrelevant to the issues before the Special Master, Baker Hughes' allegations about Storag's Application are simply wrong. In the Arbitration, Baker Hughes Germany similarly argued that Storag's Application "improperly broadened" the discovery permitted under the DIS Rules, BH Br. at 4, and "circumvent[ed] the discovery procedures of the Arbitration," *id.* at 14. In response to these arguments, the Tribunal "assed[ed] the extent to which the § 1782 proceeding is compatible with the rules of procedure governing the Arbitration" and found that (1) the "principles of fairness in this Arbitration Proceeding do not contradict [Storag's continued pursuit] of [its] § 1782 [Application]," and (2) "there are no concerns in German law against the use of information legally acquired abroad . . . in particular if the powers of the foreign court, such as within the scope of the § 1782 proceeding, are broader than those of a German court would be." D.I. 34, Ex. G at 5.

Baker Hughes is incorrect when it alleges that Storag's Application "circumvent[ed]" the parties' agreement to arbitrate their dispute under the DIS Rules. BH Br. at 2. This Section 1782 proceeding is not a dispute between two parties that are bound to arbitrate under the DIS Rules; it is simply an application for third-party discovery. Baker Hughes does not contend that the arbitration agreement between Storag and Baker Hughes Germany prohibits either party from obtaining discovery from a third-party to the arbitration agreement. Indeed, the Tribunal considered the arbitration agreement between Storag and Baker Hughes Germany and did not find that it barred Storag's Application. *See* D.I. 34, Ex. G at 6. Moreover, even Baker Hughes'

Declarant Franz T. Schwarz has correctly stated that if parties wish to limit or exclude Section 1782 applications in their arbitration agreement, they should do so explicitly, which Storag and Baker Hughes Germany have not done. *See KENNETH* BEALE, JUSTIN LUGAR & FRANZ SCHWARZ, SOLVING THE §1782 PUZZLE: BRINGING CERTAINTY TO THE DEBATE OVER 28 U.S.C. SEC. 1782'S APPLICATION TO INTERNATIONAL ARBITRATION 47 Stan. J. Int'l L. 51, 105 (2011) ("[P]arties who want to avoid § 1782 discovery can do so by inserting appropriate limiting language when drafting their arbitration agreement (or by amending their existing arbitration agreement to prohibit requests for discovery from a U.S. court pursuant to § 1782).").

Baker Hughes is also wrong when it states that the "Arbitration is not the type of proceeding contemplated by Section 1782," BH Br. at 3. Storag's Memorandum in Support of the Application ("App."), D.I. 3, and Reply in Further Support of the Application ("Reply"), D.I. 33, explain that the only Supreme Court decision interpreting Section 1782 "logically leads to the conclusion that private arbitrations are 'tribunals' under Section 1782." Reply, at 3; *see Intel Corp. v. Advanced Micro Devices, Inc.*, 524 U.S. 241 (2004). And since *Intel*, the weight of authority supports the conclusion that private arbitrations satisfy Section 1782, *see* Reply at 2-5, including the most recent circuit court decision to address the issue, *Abdul Latif Jameel Trans. Co. Ltd. v. FedEx Corp.*, 939 F.3d 710 (6th Cir. 2019), which has since been favorably cited by district courts outside that circuit. *See HRC-Hainan Holding Co., LLC v. Yihan Hu*, 2020 WL 906719, at *7 (N.D. Cal. Feb. 25, 2020) ("[T]his Court finds the Sixth Circuit's conclusion to be the correct one, particularly in light of *Intel*.").

Last, Baker Hughes' claims that by simply bringing its Application and disclosing information about the Arbitration to the Court Storag breached its confidentiality obligations are

bluster. *See* BH Br. at 4. As set forth in Storag's sealing motions, D.I. 1, 31, and submission to the Special Master, D.I. 45, German law permits a party to disclose information that is confidential under the DIS Rules, where, as here, the disclosure is in a party's legitimate interest. D.I. 45 at 2. Storag brought its Application because Baker Hughes Germany and Baker Hughes are shielding important documents from production. *See* App. at 1. Indeed, in the First Arbitration, Baker Hughes Germany explicitly refused to produce any documents in Baker Hughes' possession. *See id.* Thus, Storag has a legitimate interest in pursuing Section 1782 discovery in order to obtain evidence that will allow it to prove its claims and rebut false statements made by Baker Hughes Germany in the Arbitration. *See id.* at 7-9. In furtherance of this legitimate interest, Storag disclosed information about the Arbitration to the Court, in a manner intended to prevent the information's public disclosure. The information in Storag's Application was only disclosed to the public under the Court's order, notwithstanding Storag's efforts to seal it. Under German law a court order requiring disclosure overrides the confidentiality requirements Baker Hughes claims Storag breached. *See* D.I. 45 at 2. Moreover, the issue before the Special Master is whether the confidential information disclosed to the Court and redacted on the public docket should remain protected from public disclosure. *See* D.I. 40, ¶ 1. The Special Master is not tasked with determining whether Storag should have disclosed certain information to the Court. Baker Hughes invites the Special Master to make implicit findings on its unsubstantiated allegations that Storag breached confidentiality requirements to prejudice the protections German law provides for the disclosures Storag has made in this proceeding. This is a question, however, of German law to be decided by the German Arbitral Tribunal. *See* Reply at 9, n. 10.

By intermingling issues that are clearly beyond the scope of the Special Master's Assigned Duties, Baker Hughes seeks to use the Special Master proceedings to taint Storag's Application. However, as explained above, the briefing record on the Application clearly shows that Baker Hughes' allegations about the propriety of the Application are meritless.


Dated: March 11, 2020                    LANDIS RATH & COBB LLP

                                         Rebecca L. Butcher (No. 3816)
                                         Matthew R. Pierce (No. 5946)
                                         919 Market Street, Suite 1800
                                         Wilmington, DE 19801
                                         Telephone: (302) 467-4400
                                         Facsimile: (302) 467-4450
                                         Email: butcher@lrclaw.com
                                                pierce@lrclaw.com

                                         *And*

                                         FRESHFIELDS BRUCKHAUS DERINGER US LLP
                                         Timothy P. Harkness
                                         Olivia P. Greene
                                         601 Lexington Avenue, 31st Floor
                                         New York, New York 10022
                                         Telephone: (212) 277-4000
                                         Facsimile: (212) 277-4001
                                         Email: timothy.harkness@freshfields.com
                                                olivia.greene@freshfields.com


                                         *Attorneys for Applicant Storag Etzel GmbH*