# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Application of Storag Etzel GmbH for an Order, Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding | )<br>)<br>)<br>)   Case No.: 19-mc-00209-CFC<br>)<br>)<br>)   Redacted Document Filed March 18, 2020<br>)   Sealed Document Filed March 11, 2020 (DI 53)<br>)<br>)<br>)<br>) |

## STORAG ETZEL GMBH'S MOTION FOR THE EXCLUSION OF ADDITIONAL POST-BRIEFING ARGUMENTS ON THE MERITS, OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A REPLY TO BAKER HUGHES' BRIEF IN SUPPORT OF ITS REDACTIONS

Applicant Storag Etzel GmbH ("Storag"), by and through its undersigned attorneys, respectfully requests the Court to order that any additional arguments on the merits of the Application made in the parties' submissions to the Special Master, shall not be considered by the Court in adjudicating Storag's Application or by the Special Master in adjudicating his Assigned Duties, including during the Special Master's hearing.[1] In the alternative, Storag respectfully requests the Court grant it leave to file the attached reply to the allegations concerning the merits of Storag's Application in Baker Hughes' Brief in Support of Its Redactions, D.I. 46 (the "Brief").[2] In support of this Motion, Storag states as follows:

1. On January 16, 2020, briefing on Storag's Application concluded with Baker Hughes' sur-reply brief, D.I. 39.

---

[1] Consistent with the Special Master's Order, D.l. 44, ¶ 1, Storag submits this Motion under seal.
[2] Capitalized terms not defined herein have the meaning ascribed to them in Storag's Memorandum in Support of Its Application, D.I. 3.

2. On January 23, 2020, the Court ordered the appointment of the Special Master to "address Baker Hughes' unopposed motion to file under seal its Sur-Reply Memorandum in Further Opposition to Storag's Application (D.I. 38), any future motions to seal pleadings, and whether the redacted filings docketed at D.I. 22, 23, 24, 36 and 37 comply with Supreme Court and Third Circuit law (the "Assigned Duties")." D.I. 40, ¶ 1.

3. On February 5, 2020, the parties attended a Scheduling Conference with the Special Master. At the Scheduling Conference the parties acknowledged their disagreement on the merits of the Application but agreed that they did not have opposing views on whether the information redacted in the parties' filings was of a confidential nature. On this basis, the parties agreed to file simultaneous briefs on the Special Master's Assigned Duties.

4. At the Scheduling Conference, counsel for Storag sought clarification that the Special Master's proceeding pertaining to the redactions of confidential information was separate from the Court's determination of the underlying merits and would not delay the Court's determination of the underlying merits. Following the Scheduling Conference, the Special Master confirmed to the parties that he was able to "confer with Judge Connolly" and "confirm[ed] that the two tracks are indeed decoupled."

5. Pursuant to the Court's and the Special Master's Orders, D.I. 40, 44, on February 27, 2020 the parties filed simultaneous briefs on the Special Master's Assigned Duties.

6. Notwithstanding the clear language of the Court's Order appointing the Special Master and defining the scope of his Assigned Duties, or the Special Master's February 7, 2020 correspondence to the parties confirming that the underlying merits and the Special Master's Assigned Duties are "decoupled," Baker Hughes' Brief seeks to litigate the propriety of Storag's Application, alleging, *inter alia*:

- "Storag attempts to circumvent" its "agreement to arbitrate" with ███████████. Brief, D.I 46, at 2.

- "Section 1782, however, is intended to assist foreign and international tribunals and litigants before such tribunals by providing a mechanism for obtaining discovery within the United States. The Arbitration is not the type of proceeding contemplated by Section 1782 and no other statute authorizes the discovery sought by Storag from BHGE through the District Court." *Id.* at 2-3.

- "By going outside of the agreed arbitral forum to seek discovery from a non-party not only has Storag attempted to improperly broaden the discovery it would otherwise be permitted to obtain in the Arbitration, it likely has also violated confidentiality obligations posed by the Contract, the ███████ and/or German law[.]" *Id.* at 4.

- "Storag never should have disclosed [information about the Arbitration] in the first place, even to the District Court." *Id.*[3]

- "Storag is seeking information in this Section 1782 proceeding for an improper purpose as set forth above and in BHGE's opposition to the Application (*i.e.*, at minimum, Storag's Application is deficient under Section 1782 and does not support the exercise of the Court's discretion based on the *Intel* factors)." *Id.* at 9-10.

- "[T]his action is an ancillary discovery proceeding that improperly expanded the scope of a confidential, foreign arbitration." *Id.* at 10.

- "Here, Storag never should have instituted the Section 1782 action. . . . Storag filed this action prematurely, before even attempting to obtain the sought-after discovery in the Arbitration, in an improper attempt to circumvent the discovery procedures of the Arbitration." *Id.* at 14.

7. None of the above-referenced allegations or others in the Brief that similarly re-argue Baker Hughes' position on the merits (collectively, the "Allegations") is relevant to the Special Master's Assigned Duties.

8. The Allegations in Baker Hughes' Brief relate to the underlying merits of Storag's Application, which has been fully briefed and is pending a ruling by the Court.

---

[3] As previously explained, *see* D.I. 1, 31, 45, Storag's Application was in keeping with its confidentiality obligations under German law, which provides an exception to confidentiality obligations where disclosure "relate[s] to the protection of the legitimate interests of [a] part[y]." D.I. 45, Ex. 1-A at 67. In addition, under German law, a court order to disclose confidential information overrides confidentiality obligations. *Id.* at 66-67.

9. By making the Allegations, Baker Hughes has sought to re-argue its merits position before the Court rules on Storag's Application, even though it has already been granted a sur-reply. Moreover, by including the Allegations in its Brief, Baker Hughes has invited the Special Master to make findings on the merits of the dispute that are clearly outside the scope of the Assigned Duties.

10. WHEREFORE, for the foregoing reasons, Storag respectfully requests the Court order that any additional arguments on the merits of the Application made in the parties' submissions to the Special Master shall not be considered by the Court in adjudicating Storag's Application or by the Special Master in adjudicating his Assigned Duties, including during the Special Master's hearing. In the alternative, if the Court allows Baker Hughes' additional Allegations on the merits of the Application to stand, Storag respectfully requests the Court grant it leave to file the attached reply to the Allegations made in Baker Hughes' Brief.

Dated: March 11, 2020

LANDIS RATH & COBB LLP

_____
Rebecca L. Butcher (No. 3816)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: butcher@lrclaw.com
   pierce@lrclaw.com

*And*

FRESHFIELDS BRUCKHAUS DERINGER US LLP
Timothy P. Harkness
Olivia P. Greene
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
Email: timothy.harkness@freshfields.com
   olivia.greene@freshfields.com

*Attorneys for Applicant Storag Etzel GmbH*