# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Application of Storag Etzel GmbH for an Order, Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding | Misc. C.A. No. 19-mc-209-CFC<br><br>PUBLIC VERSION |

## RESPONDENT'S OPPOSITION TO MOTION FOR THE EXCLUSION OF ADDITIONAL POST-BRIEFING ARGUMENTS ON THE MERITS, OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A REPLY TO BAKER HUGHES' BRIEF IN SUPPORT OF ITS REDACTIONS

Of Counsel:

Stephen B. Crain
Andrew W. Zeve
BRACEWELL LLP
711 Louisiana Street
Suite 2300
Houston, TX 77002
(713) 221-1305
stephen.crain@bracewell.com
andrew.zeve@bracewell.com

YOUNG, CONAWAY STARGATT
& TAYLOR, LLP

Anne Shea Gaza (No. 4093)
Robert M. Vrana (No. 5666)
Samantha G. Wilson (No. 5816)
Rodney Square
1000 North King Street
Wilmington, DE 19801
(302) 571-6600
agaza@ycst.com
rvrana@ycst.com
swilson@ycst.com

*Attorneys for Respondent*
*Baker Hughes, a GE company, LLC*

Dated: March 18, 2020
Public Version: March 25, 2020

## INTRODUCTION

Storag Etzel GmbH's ("Storag") Motion for the Exclusion of Additional Post-Briefing Arguments on the Merits, or, in the Alternative, for Leave to File a Reply to Baker Hughes, a GE company, LLC's ("BHGE") Brief in Support of its Redactions (the "Motion") is an opportunistic attempt by Storag to rehash the same arguments it currently has pending before the Court. Aside from the impropriety of Storag's request, any additional briefing is unnecessary because Storag's proposed Reply to BHGE's Brief in Support of its Redactions (D.I. 53-1, the "Reply") asserts arguments identical to those previously asserted by Storag in its Reply in Further Support of its Application. *See* D.I. 33 at 2–8. Moreover, Storag did not confer with BHGE prior to filing this nondispositive motion, which alone warrants denial of the Motion. D. Del. LR 7.1.1.

## ARGUMENT

"[E]very nondispositive motion shall be accompanied by an averment of counsel for the moving party that a reasonable effort has been made to reach agreement with the opposing party on the matters set forth in the motion," and "failure to so aver may result in dismissal of the motion." D. Del. LR 7.1.1. Storag has not so averred because it made no such effort. Thus, Storag's Motion should be denied.

Had Storag met and conferred with BHGE on its Motion, BHGE could have corrected the misapprehensions that led Storag to file the Motion. Contrary to Storag's assertion that BHGE seeks to "re-argue its merits position," D.I. 53 at ¶ 9, BHGE's Brief in Support of Its Redactions (the "Brief") makes no request for any ruling on the merits. D.I. 46 at 17. The only relief requested by BHGE is that the Special Master recommend to the Court that the redactions in the documents at issue and in any future filings containing the same or similar content be maintained in accordance with applicable Third Circuit authority. *Id.* While the common law right of access standard carries with it a "strong presumption of public access," this presumption can be overcome when a party demonstrates "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg., Sales Practices and Products Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019)[1]; *see also Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 194 (3d Cir. 2001). Although the Third Circuit has emphasized that the burden is more rigorous when applying the common law right to access standard, the *Avandia* court agreed that district courts may consider the *Pansy* factors in determining whether the standard

---

[1] BHGE's Brief does not address the First Amendment right to access because, consistent with *Avandia*, the submissions in this action do not implicate dispositive proceedings such as, *inter alia*, civil trials. *In re Avandia,* 924 F.3d at 670.

has been met, *id.* at 676-77, which is exactly what BHGE addressed in its Brief. D.I. 46 at 6-16.

More specifically, in support of its request, BHGE's Brief reiterates certain positions set forth in its previous filings for context—but it neither asserts "additional arguments on the merits" nor "seeks to litigate the propriety of Storag's Application." D.I. 53 at 1, ¶ 6. Had Storag met and conferred with BHGE prior to filing the Motion, Storag would have learned that BHGE agrees that the Court will decide "the propriety of Storag's Application" and the Special Master will address the propriety of the parties' redactions. Therefore, any additional briefing on the merits is unwarranted, and no basis exists to grant Storag the relief it seeks.

To the extent BHGE's Brief references positions it relied upon in previous briefing, it does so only to support BHGE's arguments that the "competitive information" and "arbitration information" disclosed in the Section 1782 proceedings should remain sealed. *See* D.I. 46 at 6–16. Storag's attempt to reframe this as BHGE "litigat[ing] the propriety of Storag's Application" is unavailing because it ignores the fact that the majority of the examples cited by Storag appear in the *background* section of BHGE's Brief, as opposed to the argument section.[2]

---

[2] The first four examples Storag cites as examples of BHGE arguing the merits are quotations from the "Nature and Stage of Proceedings and Statement of Facts" section of the Brief. D.I. 49 at ¶ 6 (citing D.I. 46 at 2–4). Notably, the argument section of the Brief offers no substantive legal arguments related to the Section 1782 application, and the legal authority relied on in the argument section is exclusively

D.I. 53 at ¶ 6. Moreover, none of the examples cited by Storag assert new or additional arguments, as BHGE relies only on positions already taken in prior briefing—all of which Storag has already had an opportunity to address in its own prior briefing. D.I. 46 at 9 (explaining that "Storag is seeking information in this Section 1782 proceeding for an improper purpose *as set forth above and in BHGE's opposition to the application*") (emphasis added) (citing D.I. 18; D.I. 39).

The portions of the Brief's argument with which Storag takes issue are included only to support BHGE's position that the underlying proceedings have put its confidential information at risk. D.I. 46 at 9–10. For example, BHGE's statement that "this action is an ancillary proceeding that improperly expanded the scope of a confidential, foreign arbitration," is not an attempt by BHGE to "re-litigate" this issue. Rather, this is an explanation of the underlying Section 1782 proceeding to support BHGE's arguments in favor of its redactions. Every bullet-point quotation that Storag raises (Motion at 3) is relevant to, *inter alia*, BHGE's arguments (1) that certain confidential information is at risk of disclosure only because Storag breached multiple confidentiality obligations and (2) that an "ancillary discovery proceeding" is not "a typical judicial proceeding where some level of public access is expected." D.I. 46 at 9–10, 13–14.

---

Third Circuit and Supreme Court law related to confidentiality and sealing. D.I. 46 at 6–16.

In contrast, Storag's proposed Reply sets forth arguments and legal authority pertaining solely to the merits, rather than in support of its arguments to maintain confidentiality. For example, Storag makes yet another attempt at framing the primary issue in the underlying proceedings—*i.e.*, whether private arbitrations satisfy Section 1782's "foreign or international tribunal" requirement—as a settled matter. Reply at 3 (claiming that "since *Intel*, the weight of authority supports the conclusion that private arbitrations satisfy Section 1782"). Such a second bite at the apple is improper and unnecessary, particularly since Storag relies primarily upon authority that already appears in its Reply[3] without any attempt to connect its merits arguments to its confidentiality arguments. *Compare id.*, *with* D.I. 33 at 3–4. Thus, it is Storag, not BHGE, who "re-argue[s] its merits position" and invites the Special Master "to make findings on the merits of the dispute that are clearly outside the scope of the Assigned Duties." *See* D.I. 53 at ¶ 9. Storag's improper attempt should be rejected, whether by the Court or the Special Master.

Lastly, Storag's request for even more briefing in an already protracted confidentiality proceeding further exemplifies the ill-suited application of Section 1782 to private arbitration. As set forth in BHGE's Brief, "[t]he German parties

---

[3] In any event, it is BHGE who has relevant additional authority from this Circuit for the Court's consideration beyond that cited in the prior briefing. *Compare* BHGE's Notice of Subsequent Authority, filed contemporaneously herewith (citing recent D. Del. decision) *with* Reply at 3 (citing new N.D. Cal. case law).

never intended for their disputes to be aired in District Court, and expressly contracted to avoid such an outcome," as the parties were well aware that any dispute would necessitate disclosure of confidential information. D.I. 46 at 3. Section 1782 does not contemplate a system for managing such information, as evidenced by the fact that Storag's attempt to apply this statute in the context of a private, confidential dispute has necessitated appointment of a Special Master and disclosure of the private arbitration's "most confidential document"—the arbitration award.[4] These excessive efforts and extraneous proceedings were avoidable had Storag only abided by its confidentiality obligations in the underlying private arbitration.

## **CONCLUSION**

For the reasons stated herein, BHGE respectfully requests the Special Master deny Storag's Motion and its alternative request for relief. In the alternative, if the Court allows Storag to file the proposed Reply, BHGE requests that it be afforded

---

[4] Storag does not deny that disclosing information it knew to be highly confidential in a public forum was the catalyst for these confidentiality proceedings. *See* D.I. 45 at 2 ("The Award is the most confidential document in an arbitration and is already in the public domain because the Court ordered the disclosure of this information in Exhibit C to the Declaration"). Storag attempts to shift blame for this disclosure to the Court by noting that the Court's order forced disclosure of the arbitration award. *See id.* But the Court did not *sua sponte* order that the award from the first arbitration be produced in full. The award was only produced because Storag submitted this document as a court as an exhibit to its Section 1782 application, with full knowledge that the Court could refuse to seal the document. Consequently, BHGE has been forced to seek protection of this information, which gave rise to the proceedings before the Special Master.

an opportunity to file a responsive brief.

|  |  |
|---|---|
| Of Counsel: | YOUNG, CONAWAY STARGATT & TAYLOR, LLP |
| Stephen B. Crain | */s/ Anne Shea Gaza* |
| Andrew W. Zeve | Anne Shea Gaza (No. 4093) |
| BRACEWELL LLP | Robert M. Vrana (No. 5666) |
| 711 Louisiana Street | Samantha G. Wilson (No. 5816) |
| Suite 2300 | Rodney Square |
| Houston, TX 77002 | 1000 North King Street |
| (713) 221-1305 | Wilmington, DE 19801 |
| stephen.crain@bracewell.com | (302) 571-6600 |
| andrew.zeve@bracewell.com | agaza@ycst.com |
|  | rvrana@ycst.com |
|  | swilson@ycst.com |
|  | *Attorneys for Respondent* |
| Dated: March 18, 2020 | *Baker Hughes, a GE company, LLC* |

## **CERTIFICATE OF SERVICE**

I, Anne Shea Gaza, hereby certify that on March 25, 2020, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Rebecca L. Butcher, Esquire
>Matthew R. Pierce, Esquire
>Landis Rath & Cobb LLP
>919 North Market Street, Suite 1800
>Wilmington, DE 19801
>butcher@lrclaw.com
>pierce@lrclaw.com
>
>*Attorneys for Applicant*
>*Storag Etzel GmbH*

I further certify that on March 25, 2020, I caused the foregoing document to be served via electronic mail upon the above-listed counsel and on the following:

>Timothy P. Harkness, Esquire
>Olivia P. Greene, Esquire
>Freshfields Bruckhaus Deringer US LLP
>601 Lexington Avenue, 31st Floor
>New York, NY 10022
>timothy.harkness@freshfields.com
>olivia.greene@freshfields.com
>
>*Attorneys for Applicant*
>*Storag Etzel GmbH*

25632508.1

2

| | |
|---|---|
| Dated: March 25, 2020 | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Anne Shea Gaza*<br>Anne Shea Gaza (No. 4093)<br>Robert M. Vrana (No. 5666)<br>Samantha G. Wilson (No. 5816)<br>Rodney Square<br>1000 N. King Street<br>Wilmington, Delaware 19801<br>*agaza@ycst.com*<br>*rvrana@ycst.com*<br>*swilson@ycst.com*<br><br>*Attorneys for Respondent Baker Hughes, a GE Company, LLC* |

25632508.1