# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>Application of Storag Etzel GmbH for an Order, Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding | Case No.: 19-mc-00209-CFC<br><br>Public Version Filed April 1, 2020<br>Sealed Document Filed March 25, 2020<br>(DI 59) |

### STORAG ETZEL GMBH'S REPLY IN SUPPORT OF ITS MOTION FOR THE EXCLUSION OF ADDITIONAL POST-BRIEFING ARGUMENTS ON THE MERITS, OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE A REPLY TO BAKER HUGHES' <u>BRIEF IN SUPPORT OF ITS REDACTIONS</u>

Baker Hughes' Opposition to Storag's Motion for the Exclusion of Additional Post-Briefing Arguments on the Merits, or, in the Alternative, for Leave to File a Reply to Baker Hughes' Brief in Support of its Redactions, D.I. 53 (the "Motion" or "Mo."), misinterprets the relief Storag seeks.[1] The primary relief that Storag seeks is simply that the Court[2] does not consider arguments about the merits of the

---

[1] Capitalized terms not defined herein have the meaning ascribed to them in Storag's Memorandum in Support of Its Application, D.I. 3.

[2] Storag originally requested that the Special Master also not consider arguments about the merits of the Application in his adjudication of his Assigned Duties. Considering the Special Master's March 25, 2020 Report, this request is moot. Storag nonetheless maintains its request that the Court not rely on Baker Hughes' arguments about the merits of the Application made in its Brief in Support of its Redactions, D.I. 46.

Application made in the parties' submissions on the Special Master's Assigned Duties.³ *See* Mo. at 1. Storag believes this relief is warranted because when the parties submitted their briefs to the Special Master on February 27, 2020, they had already concluded briefing on the merits of Storag's Application and agreed to simultaneous submissions based on their positions at the February 5, 2020 Scheduling Conference that they did not have opposing views as to the confidential nature of the redacted information. This agreement was reached on the implicit understanding that the simultaneous submissions would address only the redactions.

Considering a ruling on the merits of Storag's Application remains pending, it was inappropriate for Baker Hughes to renew its arguments on the merits of Storag's Application when those arguments were not germane to whether the redactions should stand, and the parties' simultaneous briefing schedule did not afford Storag an opportunity to respond. The Special Master's March 19, 2020 Hearing confirmed that the merits of the Application are not relevant to the issue of redactions. At the Hearing, the Special Master asked detailed and thorough questions about the parties' justifications for their redactions and the parties responded in kind,

---

³ Baker Hughes protests that Storag did not confer with it to reach an agreement on Storag's Motion. *See* D.I. 55 at 1. However, given that Storag is requesting the Court exclude a portion of Baker Hughes' pleading from its consideration, Storag did not view this as a matter on which the parties could come to an agreement.

2

all without either party addressing the merits of Storag's Application under Section 1782 or under German law and the rules governing the foreign proceeding.

In the event Storag's primary relief is not granted, Storag requested, in the alternative, the opportunity to file a reply to Baker Hughes' Brief in Support of its Redactions, D.I. 46 (the "Brief"). *See* Mo. at 1. Storag requested its alternative relief because it believes it would be unfair if the Court considered renewed arguments on the merits from only one party. As Storag explained in the reply it requested to file in the alternative, Baker Hughes' allegations in its Brief about the merits of the Application were wrong in many respects. *See* D.I. 53. Thus, if Baker Hughes' post-briefing arguments on the merits are to form part of the record to be considered by the Court concerning the merits of Storag's Application, Storag respectfully requests that it be allowed to file the reply attached to its Motion, D.I. 53. Storag properly limited its Submission on the Special Master's Assigned Duties, D.I. 45, to the issue of redactions and it should not be prejudiced for following the Court's orders and the case law and for respecting the distinction between the two tracks.

Accordingly, Storag respectfully requests that the Court grant its Motion and order that the Court shall not consider additional post-briefing arguments on the merits in the Court's adjudication of Storag's Application. In the alternative, Storag respectfully requests leave to file its reply to Baker Hughes' Brief, D.I. 53.

Dated:  March 25, 2020                          LANDIS RATH & COBB LLP

*/s/ Rebecca L. Butcher*
Rebecca L. Butcher (No. 3816)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: butcher@lrclaw.com
          pierce@lrclaw.com

*And*

FRESHFIELDS BRUCKHAUS
    DERINGER US LLP
Timothy P. Harkness
Olivia P. Greene
601 Lexington Avenue, 31st Floor
New York, New York 10022
Telephone: (212) 277-4000
Facsimile: (212) 277-4001
Email: timothy.harkness@freshfields.com
          olivia.greene@freshfields.com


*Attorneys for Applicant Storag Etzel GmbH*

## CERTIFICATE OF SERVICE

I, Rebecca L. Butcher, Esquire hereby certify that on March 25, 2020, a true and correct copy of *Storag Etzel GmbH's Reply in Support of Motion for the Exclusion of Additional Post-Briefing Arguments on the Merits, or, in the Alternative, for Leave to File a Reply to Baker Hughes' Brief in Support of Its Redactions* was caused to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following counsel of record:

Anne Shea Gaza (No. 4093) - agaza@ycst.com
Robert M. Vrana (No. 5666) - rvrana@ycst.com
Samantha G. Wilson (No. 5816) - swilson@ycst.com
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE 19801
*Attorneys for Respondent Baker Hughes, a GE Company, LLC*

I further certify that on March 25, 2020, I caused the foregoing document to be served via electronic mail upon the above-listed counsel and also via electronic mail upon Rodney A. Smolla, Special Master at rasmolla@widener.edu.

Dated: March 25, 2020

LANDIS RATH & COBB LLP

*/s/ Rebecca L. Butcher*
Rebecca L. Butcher (No. 3816)
Matthew R. Pierce (No. 5946)
919 Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Email:     butcher@lrclaw.com
           pierce@lrclaw.com

*Attorneys for Applicant Storag Etzel GmbH*