IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re Application of STORAG ETZEL GMBH | ) ) ) ) ) | Civ. No. 19-mc-209-CFC |

Rebecca L. Butcher, Matthew R. Pierce, Landis Rath & Cobb LLP, Wilmington, DE, Timothy P. Harkness, Olivia P. Greene, Freshfields Bruckhaus Deringer US LLP, New York, NY. *Counsel for Applicant.*

Anne Shea Gaza, Robert M. Vrana, Samantha G. Wilson, Young, Conaway Stargatt & Taylor LLP, Wilmington, DE, Stephen B. Crain, Andrew W. Zeve, BRACEWELL LLP, Houston, TX. *Counsel for Respondent.*

**MEMORANDUM OPINION**

April 13, 2020
Wilmington, Delaware

_____
CONNOLLY, UNITED STATES DISTRICT JUDGE

Pending before me is Storag Etzel GmbH's application pursuant to 28 U.S.C. § 1782(a) for an order to obtain discovery from Baker Hughes, a GE Company, LLC for use in a private arbitration in Germany. D.I. 2. The arbitration is being conducted under the auspices of the German Arbitration Institute, the English-translation for Deutsche Institution für Schiedsgerrichstbarkeit, which the parties refer to as "DIS." Baker Hughes opposes the application.

## I. STANDARD OF REVIEW

When presented with a § 1782(a) application, a court "first decides whether [the] statutory requirements are met." *In re Biomet Orthopaedics Switz. GmBh*, 742 F. App'x 690, 694 (3d Cir. 2018). If the application satisfies those requirements, the court then considers certain discretionary factors outlined by the Supreme Court in *Intel Corporation v. Advanced Micro Devices*, 542 U.S. 241 (2004), to determine whether to grant the application. *In re Biomet*, 742 F. App'x at 694.

## II. DISCUSSION

Section 1782(a) provides in relevant part that "[t]he district court of the district in which a person resides or is found may order him to give his testimony

or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." Baker Hughes concedes that Storag's application meets all of § 1782(a)'s requirements save one. It argues that the discovery sought by the application is not "for use in a foreign or international tribunal," because DIS is a private entity and therefore not a "tribunal" as that term is used in § 1782(a).

Courts are about evenly split on the question of whether the term "tribunal" in § 1782(a) covers private arbitral bodies.[1] The Third Circuit has yet to address

---

[1] For cases holding that a private arbitral body qualifies as a "tribunal," see *In re Application to Obtain Discovery for Use in Foreign Proceedings*, 939 F.3d 710, 715 (6th Cir. 2019); *In re Children's Inv. Fund Found. (UK)*, 363 F. Supp. 3d 361, 370 (S.D.N.Y. 2019); *Islamic Republic of Pakistan v. Arnold & Porter Kaye Scholer LLP*, 2019 WL 1559433, at *7 (D.D.C. Apr. 10, 2019); *In re Pola Mar. Ltd.*, 2018 WL 1787181, at *2 (S.D. Ga. Apr. 13, 2018); *Kleimar N.V. v. Benxi Iron & Steel Am., Ltd.*, 2017 WL 3386115, at *6 (N.D. Ill. Aug. 7, 2017); *In re Owl Shipping, LLC*, 2014 WL 5320192, at *2 (D.N.J. Oct. 17, 2014); *In re Babcock Borsig AG*, 583 F. Supp. 2d 233, 240 (D. Mass. 2008); *Comision Ejecutiva Hidroelectrica del Rio Lempa*, 2008 WL 4809035, at *1 (D. Del. Oct. 14, 2008); *In re Oxus Gold PLC*, 2007 WL 1037387, at *5 (D.N.J. Apr. 2, 2007); *In re Roz Trading Ltd.*, 469 F. Supp. 2d 1221, 1226 (N.D. Ga. 2006); *In re Hallmark Capital Corp.*, 534 F. Supp. 2d 951, 952 (D. Minn. 2001).

For cases holding the opposite view, see *El Paso Corp. v. La Comision Ejecutiva Hidroelectrica Del Rio Lempa*, 341 F. App'x 31, 33 (5th Cir. 2009); *Republic of Kazakhstan v. Biedermann Int'l*, 168 F.3d 880, 881 (5th Cir. 1999); *Nat'l Broad. Co. v. Bear Stearns & Co.*, 165 F.3d 184, 185 (2d Cir. 1999); *In re Hanwei Guo*, 2019 WL 917076, at *2 (S.D.N.Y. Feb. 25, 2019); *In re Servotronics, Inc.*, 2018 WL 5810109, at *2 (D.S.C. Nov. 6, 2018); *Helen Trading S.A. v. McQuilling Partners Inc.*, 2018 WL 7252925, at *3 (S.D. Tex. Feb. 9, 2018); *In re Gov't of Lao People's Democratic Republic*, 2016 WL 1389764, at *4 (D. N. Mar. I. Apr. 7, 2016); *In re Grupo Unidos Por El Canal S.A.*, 2015 WL 1815251, at *8 (N.D. Cal. Apr. 21, 2015); *In re Grupo Unidos Por El Canal, S.A.*,

this "difficult issue[]." *Comision Ejecutiva Hidroelectrica del Rio Lempa v. Nejapa Power Co. LLC*, 341 F. App'x 821, 825 (3d Cir. 2009) (holding that it need not address statutory requirements of § 1782(a) because "this entire matter has become moot"). The issue is difficult because the statute does not define "tribunal" and application of the canons of statutory construction does not produce a clear result.

"Tribunal" was added to § 1782(a) by an amendment passed unanimously by Congress in 1964. *Intel*, 542 U.S. at 248. Then, like now, "tribunal" had two ordinary meanings. *See Artis v. District of Columbia*, 138 S. Ct. 594, 603 (2018) ("In determining the meaning of a statutory provision, we look first to its language, giving the words used their ordinary meaning."); *New Prime Inc. v. Oliveira*, 139 S. Ct. 532, 539 (2019) ("[I]t's a fundamental canon of statutory construction that words generally should be interpreted as taking their ordinary . . . meaning . . . at the time Congress enacted the statute.'" (brackets and ellipses in original) (internal quotation marks and citations omitted)). The term was defined at the time both narrowly as a synonym for "a court" and broadly as "a person or body of persons

---

2015 WL 1810135, at *8 (D. Colo. Apr. 17, 2015); *In re Dubey*, 949 F. Supp. 2d 990, 993 (C.D. Cal. 2013); *In re Rhodianyl S.A.S.*, 2011 U.S. Dist. LEXIS 72918, at *2 (D. Kan. Mar. 25, 2011); *In re Finserve Grp. Ltd.*, 2011 WL 5024264, at *2 (D.S.C. Oct. 20, 2011); *In re Norfolk S. Corp.*, 626 F. Supp. 2d 882, 885 (N.D. Ill. 2009); *In re Operadora DB Mexico, S.A. de C.V.*, 2009 WL 2423138, at *12 (M.D. Fla. Aug. 4, 2009).

having authority to hear and decide disputes so as to bind the disputants."
*Webster's New Int'l Dictionary of the English Language* (2d ed. 1950); *see also* Max Radin, *Law Dictionary* (1955) (defining "tribunal" as "[a] general word equivalent to court, but of more extensive use in public and international law"); *Black's Law Dictionary* (4th ed. 1951) (defining "tribunal" as "[t]he whole body of judges who compose a jurisdiction; a judicial court; the jurisdiction which the judge's exercise"). Courts similarly used "tribunal" in both its broad and narrow senses before Congress added the term to § 1782(a). The Supreme Court, for example, frequently referred to itself as "this tribunal";[2] but it also characterized juries as "tribunals,"[3] and in at least three instances before 1964 the Court referred to a private arbitrator as a "tribunal."[4]

---

[2] *See, e.g., Schlagenhauf v. Holder*, 379 U.S. 104, 129 (1964) (Harlan, J., dissenting) (referring to Supreme Court as "this tribunal"); *Nat'l Mut. Ins. Co. of Dist. of Col. v. Tidewater Transfer Co.*, 337 U.S. 582, 637 (1949) (same); *Cohens v. Virginia*, 19 U.S. 264, 404 (1821) (same).

[3] *See, e.g., Davis v. Virginian Ry. Co.*, 361 U.S. 354, 357 (1960) ("The jury is the tribunal under our legal system to decide that type of issue as well as issues involving controverted evidence." (internal citation omitted)); *U. S. ex rel. Toth v. Quarles*, 350 U.S. 11, 18 n.10 (1955) (referring to jury as "this tribunal" (internal citation omitted)); *Tiller v. Atl. Coast Line R. Co.*, 318 U.S. 54, 68 (1943) ("the jury is made the tribunal to decide disputed questions of fact" (internal citation omitted)).

[4] *See Bernhardt v. Polygraphic Co. of Am.*, 350 U.S. 198, 203 (1956) (referring to "[t]he nature of the tribunal" in Court's discussion of a private arbitration); *Balt. Contractors v. Bodinger*, 348 U.S. 176, 185 (1955) (Black, J., dissenting) (referring to private arbitrator as "arbitration tribunal"), *overruled by Gulfstream*

Because "tribunal" had two ordinary meanings when § 1782(a) was amended, the term by itself neither unambiguously excludes nor unambiguously includes private arbitral bodies.

Unfortunately, the context in which "tribunal" is used in § 1782(a) does not clarify whether the term covers private arbitrations. *See Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989) ("It is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme"). "Tribunal" is used three times in § 1782(a):

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a ***foreign or international tribunal***, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a ***foreign or international tribunal*** or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. . . . The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the ***foreign country or the international tribunal***, for taking the testimony or statement or producing the document or other thing.

---

*Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271 (1988); *Red Cross Line v. Atl. Fruit Co.*, 264 U.S. 109, 121 n.1 (1924) (quoting district court case that characterized private arbitrators as "tribunals").

5

28 U.S.C. § 1782(a) (emphasis added).[5] The use of the definite article "the" in the phrase "the foreign country or the international tribunal" indicates that the phrase refers back to the earlier "a foreign or international tribunal" phrases. This suggests that "foreign tribunal" is the antecedent of "foreign country" and that a "foreign tribunal" under § 1782(a) means a governmental (non-private) entity. On the other hand, the Sixth Circuit in *In re Application to Obtain Discovery for Use in Foreign Proceedings*, 939 F.3d 710, 723 (6th Cir. 2019), interpreted "the foreign country" to mean the foreign country in which the foreign tribunal sits, and I cannot say that interpretation is unreasonable. In short, the context in which the term "tribunal" is used in § 1782(a) does not allow for a definitive determination of whether the term includes or excludes private arbitral bodies. The term is ambiguous. *Accord Republic of Kazakhstan v. Biedermann Int'l*, 168 F.3d 880, 881 (5th Cir. 1999) ("the meaning of 'foreign or international tribunal' is ambiguous"); *Nat'l Broad. Co.. v. Bear Stearns & Co.*, 165 F.3d 184, 188 (2d Cir. 1999) ("In our view, the term 'foreign or international tribunal' is sufficiently ambiguous that it does not necessarily include or exclude [a private] arbitral panel").[6]

---

[5] Section 1782(b) also uses the phrase "a foreign or international tribunal" but it sheds no light on whether "tribunal" includes or excludes private arbitral bodies.
[6] The Sixth Circuit held in *In re Application*, that "courts' longstanding usage of the word shows not only that one permissible meaning of 'tribunal' includes private arbitrations but also that that meaning is the best reading of the word in

6

The purpose of § 1782(a), however, appears to resolve this ambiguity. *See Davis*, 519 U.S. at 345–46 (holding that "broader context" and "primary purpose" of Title VII resolved ambiguity of the term "employees"). The 1964 amendment that added "tribunal" to § 1782(a) was drafted at Congress's request by the Commission on International Rules of Judicial Procedure (Rules Commission). Congress created the Rules Commission in 1958 "to recommend procedural revisions 'for the rendering of assistance to foreign courts *and quasi-judicial agencies.*'" *Intel*, 542 U.S. at 257–58 (quoting § 2, 72 Stat. 1743) (emphasis added by Supreme Court). Thus, it is reasonable to conclude that Congress understood when it adopted the Rules Commission's revisions to § 1782(a), *see id.* at 248, that those revisions extended only to courts and government agencies, not to private arbitral bodies.

This conclusion is consistent with the Court's discussion in *Intel* of one of the discretionary factors to be considered by a district court if the § 1782(a) statutory requirements are met. The Court held in *Intel* that a district court presented with a § 1782(a) request "may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of

---

context." 939 F.3d at 726. But as discussed above, courts routinely used "tribunal" before 1964 to refer only to a court and only to a jury. Thus, the only logical thing that can be said of "courts' longstanding usage of the word" is that there is *more than one* permissible meaning of "tribunal." That is precisely why the term is ambiguous.

7

*the foreign government or the court or agency abroad* to U.S.-federal-court jurisdiction." 542 U.S. at 264 (emphasis added). This language suggests that the Court contemplated that a foreign tribunal for § 1782(a) purposes was a foreign government, court, or agency, and not a private arbitral body.

### III. CONCLUSION

In conclusion, although not without doubt, I find that the term "tribunal" in § 1782(a) does not encompass private arbitral bodies. Accordingly, Storag has failed to meet the statutory requirements of § 1782(a) and I will deny its application.

The Court will issue an Order consistent with this Memorandum Opinion.