IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IN RE: APPLICATION OF STORAG )
ETZEL GMBH FOR AN ORDER, PURSUANT ) MISC. No. 19-MC-209-CFC
TO 28 U.S.C. § 1782, TO OBTAIN DISCOVERY )
FOR USE IN A FOREIGN PROCEEDING )

## MEMORANDUM ORDER

I have before me the Report and Recommendation of Special Master Rodney A. Smolla (D.I. 58) issued pursuant to my Memorandum Order dated January 23, 2020 (D.I. 40). I appointed the Special Master to address whether the parties' sealing of certain filings in this matter "compl[ied] with Supreme Court and Third Circuit law." D.I. 40 at 4. The Special Master concluded that the sealing of the filings in question "is not justified under the common law right of access to judicial records in civil matters." D.I. 58 at 72. He also concluded "[a]s an alternative finding and recommendation," that the sealing of the filings in question "is not justified under the rights of access emanating from the First Amendment to the United States Constitution." *Id.*

Understandably, neither party filed objections to the Report and Recommendation. I say "understandably" because the Report and Recommendation manifestly met "[t]he burden of the judicial opinion . . . to

explain and to persuade and to satisfy the world that the decision is principled and sound." Federal Judicial Ctr., *Judicial Writing Manual*, at vii (4th ed. 1991).

I will adopt the Report and Recommendation in all respects expect for its alternative finding and recommendation that the parties' sealing of records in this matter is "not justified under the right of access emanating from the First Amendment to the United States Constitution." D.I. 58 at 72. Because I agree with the Special Master's conclusion that the parties' sealing of filings is not justified under the common law right of access to judicial records in civil matters, I need not and therefore do not decide today whether the First Amendment also bars the sealing of the parties' filings. *See Hagans v. Lavine*, 415 U.S. 528, 547 (1974) ("[A] federal court should not decide federal constitutional questions where a dispositive nonconstitutional ground is available.").

To be clear, I am neither rejecting the Special Master's First Amendment analysis nor criticizing him for engaging in that analysis. On the contrary, as I noted when I appointed the Special Master, I selected him to serve as a Special Master in large part because of his expertise in First Amendment matters and I asked him to engage in precisely the kind of cogent analysis set forth in his Report and Recommendation. The Special Master's finding with respect to the First Amendment afforded me the advantage of reviewing an alternative constitutional basis for his ruling in the event I disagreed with the non-constitutional grounds for

his decision, and it will provide me and my colleagues on the Court helpful guidance in the future should we find it necessary to determine whether a proposed sealing of filings is permissible under the First Amendment.

WHEREFORE, in Wilmington, this Third day of June in 2020, the Special Master's Report and Recommendation (D.I. 58) is ADOPTED IN PART and the Clerk of the Court is directed to UNSEAL all filings in this matter.

*[signature]*
United States District Judge